## No. 20934.

RALPH C. HINSEY, ET AL. *v.* HENRY W. JONES, ET AL.

(411 P.2d 242)

Decided February 21, 1966.

J. H. Boutcher, John Gibbons, Robert Smedley, for plaintiffs in error.

Harold A. MacArthur, for defendants in error.

*In Department.*

Opinion by Mr. Justice McWilliams.

Ralph and Marguerite Hinsey, as plaintiffs, brought an action against Henry and Pauline Jones, the defendants, for breach of contract. Upon motion the trial court dismissed the plaintiffs' second amended complaint, and by writ of error the plaintiffs now seek reversal of this judgment of dismissal.

In their second amended complaint the plaintiffs alleged that they suffered damage as a result of the defendants' refusal to permit the plaintiffs to use water from a well located on the defendants' property, all of which was said to constitute a breach of an agreement between the parties. By a written agreement to exchange property, the plaintiffs agreed to trade certain residential property located in Denver to the defendants for certain property located in Park County on which were situate tourist cabins and trailer sites. It appears that the defendants also owned a restaurant immediately adjacent to the property which they traded to the plaintiffs; the restaurant property, however, was retained by the defendants who continued to operate it. On the property where the restaurant was situated was a well and pump, and according to the second amended complaint the defendants as a part of the agreement to

exchange property agreed to permit the plaintiffs to use water from their well in connection with their operation of the tourist court.

More specifically, in their second amended complaint the plaintiffs alleged that as a part of the agreement between the parties "the defendants were to permit the plaintiffs to use their well and pump for the purpose of obtaining water" and that in return therefor the plaintiffs were to pay defendants the sum of $2 per month to apply on the costs of electricity to operate the pump and to share in the cost of any repairs on an equal basis. It was further alleged that in conformity with the agreement between the parties the defendants for a period of about two and one-half years did permit the plaintiffs to obtain and use water from the defendants' well, in return for which the plaintiffs had paid the defendants the sum of $2 per month as called for by the agreement, but that beginning in 1958 "in total disregard of the agreement entered into by plaintiffs and defendants, the defendants, and each of them, . . . . did refuse and neglect to permit the plaintiffs to use water from the defendants' well . . . ." As a result of defendants' refusal to permit the plaintiffs to use the water "specified in the agreement to exchange property," plaintiffs averred that they were damaged in that they were forced to drill a well on their own property and that there was also some loss of business and profits in the operation of their tourist court.

Attached to the complaint was a copy of the written agreement between the parties. The written agreement, however, contained no express term or provision whereby the defendants agreed to furnish water to the plaintiffs, though it did contain a proviso that plaintiffs were to pay defendants $2 per month to apply on the cost of electricity to operate the pump, as well as to share any repair expense.

The trial court dismissed plaintiffs' second amended complaint presumably on the ground that,

inasmuch as the contract, as written, did *not* specifically call for the defendants to provide plaintiffs with water from this well, the trial court could not rewrite the contract for the parties and that they were bound by the agreement *as written*. In so holding, the trial court committed error.

 Under Rule 8(a), R.C.P. Colo., a complaint is sufficient if it contains a short and plain statement of the claim showing that the pleader is entitled to relief, and it is not subject to a motion to dismiss if upon any theory of law the claim as stated entitles the pleader to relief. In this regard, see, for example *Bridges v. Ingram,* 122 Colo. 501, 223 P.2d 1051. See also, *Weick v. Rickenbaugh Co.,* 134 Colo. 283, 303 P.2d 685, where we said:

". . . . The technical theory of the old cause of action as it existed under the common law, and to a lesser extent under the Code of Civil Procedure, can no longer be urged to defeat a litigation *if upon any theory of the law* the claim stated entitles the pleader to relief. Under the Rules of Civil Procedure it no longer is necessary to elect at the peril of the pleader a particular theory or 'cause of action.' In most cases it is sufficient if the pleader clearly identifies the transactions which form the basis of the claim for relief, and if *upon any theory of the law* relief is warranted by the evidence offered and received in support of the claim, it should not be denied because of the possible selection by counsel of the wrong technical 'cause of action.'" (Emphasis supplied.)

 In the instant case the trial court proceeded on the premise that because the plaintiffs had alleged a breach of the written contract between the parties, and because the written contract attached to the second amended complaint did not contain an express provision that the defendants were to furnish well water to the plaintiffs, that such omission negated any and all possible relief which might be available to the plaintiffs. In

330

other words, because the plaintiffs selected what was deemed to be a technically "wrong" cause of action, their complaint was held to be subject to a motion to dismiss. In so doing the trial court committed error. The test which the trial court should have applied is that a complaint is not subject to a motion to dismiss if it shows that the pleader is entitled to some relief "upon any theory of the law." This second amended complaint did give adequate "notice" to the defendants of the transactions relied upon and, as regards sufficiency, does meet the aforementioned test.

 The trial court also indicated that an additional reason for dismissing plaintiffs' second amended complaint was because they had failed to plead their items of special damage in the manner required by Rule 9 (g), R.C.P. Colo. In our view such items were "specifically stated," as required by the aforementioned rule. Whether such items can be established upon trial, and just what is the proper measure of damage if such damage be established, are matters which cannot be reached by a motion to dismiss.

The judgment is reversed and the cause remanded with direction that the second amended complaint be reinstated and that further procedings be consonant with the views here expressed.

Mr. Justice Day and Mr. Justice Pringle concur.