497 P.2d 1284 (1972)
Herman W. NELSON, Plaintiff-Appellant,
v.
Victor E. NELSON et al., Defendants-Appellees.
No. 71-314.
Colorado Court of Appeals, Div. II.
May 31, 1972.
*1285 Fleming, Pattridge, Hacking & Gardner, Conrad E. Gardner, Golden, for plaintiff-appellant.
Bradley, Campbell & Carney, Tim L. Campbell, Golden, for defendants-appellees.
Selected for Official Publication.
DWYER, Judge.
Plaintiff-appellant, Herman W. Nelson, will be referred to as plaintiff. Plaintiff is the son of defendant Victor Nelson; defendant Leonard Nelson is also a son of Victor Nelson; defendant Phil Nelson is the son of Leonard Nelson and the grandson of Victor Nelson. Defendants James H. Peek and Violet G. Peek are not related to plaintiff. All defendants-appellees will be referred to by their names.
Plaintiff has appealed from a judgment dismissing his action on the ground that his complaint failed to state a claim against the defendants, or any of them, upon which relief could be granted. We affirm the judgment.
In summary, the material allegations of the complaint are as follows:
First, that Victor Nelson is the owner of certain real property; that he is not competent to handle his own business affairs; and that he is susceptible to the undue influence of defendants Leonard and Phil.
Second, that in prior litigation between these parties a decree was entered setting aside a deed by which Victor conveyed certain real property to Victor, Leonard, and Phil, as joint tenants. A certified copy of the decree is incorporated in the complaint, and it appears from said decree that the *1286 deed was set aside on the grounds that it was procured by undue influence exerted upon Victor by Leonard and Phil. The decree contains a finding that Victor was not mentally incompetent.
Third, that Victor had transferred certain real estate in Jefferson County to the defendants James H. Peek and Violet G. Peek in exchange for a conveyance by the Peeks to Victor of certain real estate in Delta County; that the value of the property received by Victor in this transaction was less than the value of the property he conveyed; and that this transaction was brought about through the undue influence of Leonard and Phil Nelson.
Fourth, that the mental and physical condition of Victor was such that the court should appoint plaintiff or some other person to act as Victor's guardian.
The relief sought in the prayer of the complaint is as follows: (a) a declaratory judgment declaring the rights of the respective parties with regard to the property involved; (b) an order setting aside the deed from Victor Nelson to the Peeks; (c) an injunction restraining Victor E. Nelson from conveying his real estate; (d) the appointment of a receiver for the property of, or a guardian for, Victor; and, (e) an accounting concerning disposition of Victor's assets.
The only issue on this appeal is whether the complaint is sufficient to state a claim against defendants upon which relief can be granted. In deciding this issue, the material allegations of the complaint must be taken as admitted. Cook v. Denver, 128 Colo. 578, 265 P.2d 700. The complaint cannot be dismissed unless it appears that plaintiff is entitled to no relief under any state of facts which may be proved in support of the claim. See Hinsey v. Jones, 159 Colo. 326, 411 P.2d 242; Smith, for and on Behalf of Leech v. Mills, 123 Colo. 11, 225 P.2d 483. A complaint may, however, be dismissed on motion if it is clearly without any merit; and this want of merit may consist of an absence of substantive law to support a claim of the type alleged. 2A J. Moore, Federal Practice ¶12.08 (2d ed.) The plaintiff must have, in the claim asserted, a remedial interest which the law of the forum can recognize and enforce.
The only interests which plaintiff asserts in Victor's property are those which he has as a son of Victor Nelson and as a named beneficiary in Victor's will. Such interests are mere expectancies since before the death of his ancestor an expectant heir has no vested interest or right in the property which he may subsequently inherit. Any prospective interest, or right to inherit, as an heir is a mere expectancy or possibility, a mere hope or expectation. See 26A C.J.S. Descent & Distribution § 61, quoted with approval in Quintrall v. Goldsmith, 134 Colo. 410, 306 P.2d 246. An expectant heir cannot, on the basis of his expectancy, maintain an action during the life of his ancestor to cancel a transfer by such ancestor, and he cannot maintain a suit for the enforcement or adjudication of a right in the property. See 26A C.J.S. Descent & Distribution § 61.
The plaintiff has failed to allege any interest or primary legal right in the property which has been infringed by the defendants. Accordingly, the court properly dismissed the complaint.
The statutes of the State of Colorado provide for the appointment of a conservator of the estate of a person who, by reason of infirmity, old age, or disorder, lacks sufficient control, judgment, and discretion to manage his own property or affairs. C.R.S.1963, 71-1-1, et seq., and C.R.S.1963, 153-9-2(1). A court may appoint a conservator only in accordance with the procedures prescribed by statute. The allegations of plaintiff's complaint are insufficient to confer upon the court jurisdiction to appoint a conservator or guardian for Victor E. Nelson, and the allegations of the complaint are insufficient to authorize the court to appoint a receiver of his property.
Judgment affirmed.
ENOCH and PIERCE, JJ., concur.