529 P.2d 1351 (1974)
Douglas M. BORWICK et al., Plaintiffs-Appellants,
v.
Mitchell BOBER a/k/a M. J. Bober, d/b/a M. J. Bober Company, et al., Defendants-Appellees.
No. 73-114.
Colorado Court of Appeals, Div. I.
October 30, 1974.
Rehearing Denied November 19, 1974.
*1352 Brownstein, Hyatt & Farber, Jack N. Hyatt, Denver, for plaintiffs-appellants.
Calkins, Kramer, Grimshaw & Harring, Richard L. Harring, Denver, Rovira, *1353 DeMuth & Eiberger, J. Walter Hyer, III, Denver, Gorsuch, Kirgis, Campbell, Walker & Grover, John J. Mullins, Jr., Denver, Cosgriff, Dunn & French, Eagle, for defendants-appellees.
Selected for Official Publication.
COYTE, Judge.
The three plaintiffs in this action are land owners in Eagle County. Plaintiffs claim to represent themselves and two classes, one of which is all the property owners in Eagle County, and another class made up of all land owners who are subject to taxation by the Upper Eagle Valley Sanitation District. The defendants in this action are: The Upper Eagle Valley Sanitation District; the M. J. Bober Company, one of the contractors involved in the construction of a sewer line for the sanitation district in Eagle County; William F. Parker and Parker Associates, who planned the sewer line; the American Insurance Company which executed a performance bond for Bober; and the five directors of the sanitation district. The various claims for relief against the defendants include breach of contract, trespass, nuisance, negligence, and taking property without compensation.
The plaintiffs also claim that there was a construction contract between Bober and the district which has been breached by Bober and that they are third-party beneficiaries of said contract. They allege that Bober breached the contract in three respects. First, the complaint alleges Bober failed to clean up and restore the property as required by the contract. Second, the plaintiffs allege that Bober breached the contract in the manner of construction of the dikes. Third, it is alleged that the sewer lines were improperly installed. Plaintiffs also asserted a claim against the American Insurance Company as third-party beneficiary of the performance bond. Defendants moved for a dismissal of the contract actions against Bober and American Insurance Company on the ground that plaintiffs were not the third-party beneficiaries of the construction contract and the performance bond.
A preliminary hearing was held to determine whether this case should be allowed to proceed as a class action. The district court held the action did not meet the requirements set forth by C.R.C.P. 23, and denied the application to proceed as a class action. The district court then dismissed claims of the individual plaintiffs as third-party beneficiaries of contracts, and then dismissed the remaining portions of the complaint for violation of C.R.C.P. 8, with leave to file an amended complaint deleting all incorporations by reference so that the court could fully and adequately understand the complaint. The plaintiffs were granted thirty days to file an amended complaint. They elected to stand on their complaint and the case is here on their appeal.
The plaintiffs urge that each of these rulings by the district court constitutes error.

Denial of Plaintiffs' Action to Proceed as a Class Action
C.R.C.P. 23, which is substantially identical to the federal rule, sets forth the requirements to be met by a party claiming to represent a class, and the procedure to be followed by the court in determining whether a suit should proceed as a class action.
C.R.C.P. 23(a) reads as follows:
"One or more members of a class may sue or be sued as representative parties on behalf of all only if: (1) The class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."
Failure to meet the mandatory requirements of C.R.C.P. 23(a) is grounds for denial. Hyatt v. United Aircraft Corp., 50 F.R.D. 242 (D.C.Conn.). The trial court found that the plaintiffs did not adequately *1354 show that they complied with C.R.C.P. 23(a)(2) which requires that there be common questions of law and fact, or those of C.R.C.P. 23(a)(3) which requires that the claims of the individual plaintiffs be typical of the class.
The court's finding that the plaintiffs' claims were not typical of the other members of the class is amply supported by the record. The three plaintiffs lived within a quarter of a mile of each other in a subdivision located at the extreme eastern end of the sanitation district which extended a distance of approximately 22 miles and encompassed over 4,000 people.
The plaintiffs claimed that the activities of the defendants amounted to nuisance in that the improperly constructed sewer line caused pollution and some aesthetic damage to the landscape. However, one of the plaintiffs admitted in his testimony that the construction of the sewerage system alleviated a severe pollution problem further downstream, which had resulted from dumping untreated sewerage into the Eagle River. There was no showing that the alleged nuisance was widespread and existed throughout the entire district, nor that it was a problem common to all the class members. Instead just the opposite was shown, namely, that the pollution in the district was decreased by the construction of the sewage system.
Similarly, although the plaintiffs request damages of $2,500,000 for the reconstruction of a new system, they did not show that the problems with the system were widespread throughout the district, and thus common to all members, and not merely problems confined to their particular locale. Again the evidence supported the finding of the trial court.
The plaintiffs, on behalf of the entire class, also sought to recover damages resulting from the alleged trespass committed by the various defendants against the class members and for the damage to individual property resulting from the failure of the defendants to restore the property to its original condition. In this regard, the court found that any damages of this nature resulting from the defendants actions would be unique to each individual land owner and not typical of the class.
In any application to proceed as a class action, the burden of establishing that an action should proceed as a class action is on the party seeking to utilize the class action. Cook County College Teachers Union v. Byrd, 456 F.2d 882 (7th Cir.). In addition, the determination of whether an action does or does not meet the requirements of a class action is within the discretion of the trial court. Buford v. American Finance Co., D.C., 333 F.Supp. 1243. As an appellate court, we will not disturb the exercise of that discretion unless it is clearly erroneous. Brito v. Zia Co., 478 F.2d 1200 (10th Cir.).
The record supports the findings of the trial court that plaintiffs should not be allowed to proceed as representatives of a class. Therefore, we affirm that part of the trial court's judgment denying the class action. In view of this determination, it is not necessary to consider whether any of the requirements of C.R.C.P. 23(b) were met.

The Dismissal of the Third-Party Claims
In support of plaintiffs' claim that they are third-party beneficiaries to the contract between Bober and the district, they attached a part of the contract to the complaint as an exhibit. This portion of the contract indicates that it is not the entire contract but only "Article I" of the contract documents, and that there are sixteen other articles which are "Special Provisions," "General Conditions," and "Construction Specifications." In claiming to be third-party beneficiaries of the contract, the plaintiffs refer to specific paragraphs contained in those sixteen articles which were not made part of the complaint.
The court found that:
"The plaintiffs have no standing to sue as third party beneficiaries under certain contracts entered into among the *1355 defendants for the reason that the court has not been shown any express provisions accruing to the benefit of these plaintiffs and any benefits accruing to them appears incidental rather than direct.. . ."
The lower court then dismissed the portions of the complaint which assert third-party beneficiary claims against the defendants.
A third person may enforce a contractual obligation, although he is not a party to the agreement, when the promise to be enforced is expressly stated in the contract, or is apparent from the agreement and surrounding circumstances and the benefit conferred is direct and not incidental. Cripple Creek State Bank v. Rollestone, 70 Colo. 434, 202 P. 115. The issue then is whether a complaint is subject to dismissal if plaintiff attaches a portion of a written contract to a complaint as an exhibit, and then, as a basis for his claim, refers to portions of the contract which are not attached. Hinsey v. Jones, 159 Colo. 326, 411 P.2d 242, is dispositive of this issue. There, the complaint alleged a breach of contract for failing to furnish water, but the contract attached to the complaint did not contain an express provision to furnish the water. In reversing the trial court's dismissal of the complaint, the court stated:
"The test which the trial court should have applied is that a complaint is not subject to a motion to dismiss if it shows that the pleader is entitled to some relief `upon any theory of the law.' This. . . complaint did give adequate `notice' to the defendants of the transaction relied upon and as regards sufficiency, does meet the aforementioned test."
In the case before us the complaint gave adequate notice of the transactions relied upon and thus meets the test of Hinsey v. Jones, supra. Hence, the dismissal of the complaint for failure to set forth a whole contract was premature and constitutes reversible error.

Dismissal of the Complaint Based on C.R.C.P. 8
The complaint is thirty pages long with an additional ten pages of attached exhibits. It consists of 178 separate paragraphs setting forth 36 separate claims for relief. In the complaint, the plaintiffs incorporate other portions of the complaint over 400 times.
C.R.C.P. 8 states:
"(a) Claims for Relief. A pleading which sets forth a claim for a relief. . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . . .
. . . . . .
"(e) Pleading to be Concise and Direct. . . . Each averment of a pleading shall be simple, concise, and direct. . . ."
The plaintiffs did not comply with requirements of rule 8.
The plaintiffs point to C.R.C.P. 10(c) which permits adoption in their complaint by reference. However, they refer to and adopt by reference other portions of the complaint over 400 times, thus abusing the rule which was originally intended to eliminate unnecessary repetition.
The plaintiffs contend that eliminating the incorporations by reference would require a 190 page complaint. They overlook the fact that anyone who is required to read the complaint, i. e., the defendants, the trial court, and this court, must read the equivalent of a 190 page complaint, all the while referring back to previous portions of the complaint.
The dismissal of a complaint for failure to comply with the rules is a severe sanction, and since the trial court and this court were able, after diligent and exhaustive study, to understand plaintiffs' pleadings and theory of their case, we reluctantly hold that even though the complaint is not "simple, concise, and direct," *1356 it was error to dismiss the complaint.
Judgment of dismissal as to the class action is affirmed, judgment as to dismissal of the complaint for failure to state a cause of action as third-party beneficiary is reversed, judgment of dismissal for violation of C.R.C.P. 8 is reversed, and cause is remanded for further proceedings.
PIERCE and SMITH, JJ., concur.