534 P.2d 361 (1975)
PEOPLE of the State of Colorado ex rel. John P. MOORE (J. D. McFarlane by substitution), Attorney General, Plaintiff-Appellant,
v.
BURGESS T.V. SERVICE, an Unincorporated Business Enterprise, and Clinton Burgess, Individually, and as owner of Burgess T.V. Service, Defendants-Appellees.
No. 74-435.
Colorado Court of Appeals, Div. II.
April 1, 1975.
John P. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., George W. Boyle, II, Asst. Atty. Gen., Denver, for plaintiff-appellant.
No appearance for defendants-appellees.
Selected for Official Publication.
STERNBERG, Judge.
In an action authorized by § 6-1-103, C. R.S.1973 (1969 Perm.Supp., C.R.S.1963, 55-5-11) of the Colorado Consumer Protection Act, the Attorney General sought to enjoin defendants from engaging in an alleged deceptive trade practice, and to require defendants to return to a consumer the television set that was the subject of the alleged deceptive trade practice. Defendants filed a motion to dismiss for failure to state a claim upon which relief could be granted. After argument, the trial court granted the motion without comment. We reverse.
The allegations in the complaint, which for purposes of a motion to dismiss must be assumed to be true, see Nelson v. Nelson, 31 Colo.App. 63, 497 P.2d 1284, are *362 these: A television set owned by one Kathleen I. Warren was given to the defendants who stated that they would tell Mrs. Warren how much it would cost to repair the set before doing the work. The set was indicated to be at least 10 years old, and therefore Mrs. Warren did not want to pay for any extensive repairs. Thereafter, without first giving her their estimate, defendants repaired the set, and refused to release it unless she paid their bill in the amount of $100.
The Attorney General contends that the trial court erred in finding that these facts do not support a cause of action pursuant to § 6-1-105(1) (e), C.R.S.1973 (1969 Perm.Supp., C.R.S.1963, 55-5-2(1) (f)). We agree. The pertinent portions of that statute are as follows:
"(1) A person engages in a deceptive trade practice when, in the course of his business, vocation, or occupation, he:
. . . . . .
"(e) Knowingly makes a false representation as to the characteristics, ingredients. . . or quantities of goods or services . . . ." (emphasis supplied)
In construing this statute we rely on People ex rel. Dunbar v. Gym of America, Inc., 177 Colo. 97, 493 P.2d 660, where the court stated that:
"It is apparent to this Court that the deceptive trade practices which are the subject matter of the statute under attack in this case injuriously affect both honest business men and consumers. When consumers are induced to purchase. . . services as a result of misleading solicitations . . . it is clear that the state's general and financial welfare is thereby aggrieved." (emphasis supplied)
The alleged promise made here to examine a product and give a cost estimate prior to repairing it, if true, was part of the repairman's service. If one knowingly and falsely represents that he will make such an examination and cost estimate prior to repairing an appliance as an inducement for the owner to use his services, rather than one of his competitors, and then does not comply, but repairs the product without authorization, such conduct is actionable as a deceptive trade practice under § 6-1-105(1) (e), C.R.S.1973, (1969 Perm.Supp., C.R.S.1963, 55-5-2(1)(f)) of the Colorado Consumer Protection Act. Therefore, since plaintiff has stated a claim upon which relief can be granted, the complaint should be reinstated for trial of the issues on their merits.
Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.
ENOCH and PIERCE, JJ., concur.