CONCRETE CONTRACTORS, INC., and Ideal Construction Service, Inc., Plaintiffs-Appellees,

v.

E.B. ROBERTS CONSTRUCTION CO., C & W Manhattan Associates, a Texas Limited Partnership, Roland Walters, General Partner of Coogan & Walters, the General Partner of C & W Manhattan Associates, a Limited Partnership, Roland Walters, Trustee, Allied Bank of Texas, and K-Mart Corporation, a Michigan corporation, Defendants-Appellants,

and

Richard Frohlick Crane Service, Inc., and The Continental Insurance Company, Mobile Premix Concrete, Inc., and Judith A. Kahle, Public Trustee of Adams County, Defendants.

No. 81CA1079.

Colorado Court of Appeals,
Div. I.

Dec. 23, 1982.
Rehearing Denied Jan. 20, 1983.
Certiorari Granted May 23, 1983.

Daniel, McCain & Brown, Edward A. Brown, Jeffrey W. Ludwig, Brighton, for plaintiffs-appellees.

George Alan Holley & Associates, P.C., Scott D. Albertson, Golden, for defendants-appellants.

COYTE, Judge.

Defendants, E.B. Roberts Construction Co. (Roberts), C & W Manhattan Associates (C & W), Roland Walters, Allied Bank of Texas, and K-Mart Corporation, appeal the judgment of the trial court awarding plaintiffs, Concrete Contractors, Inc. (CCI), and Ideal Construction Service, Inc. (Ideal), damages for defendants' breach of contract and determination that plaintiffs were entitled to a lien upon the subject property. We affirm in part and reverse in part.

Defendants C & W and Roland Walters, trustee, were owners of real property in Brighton, Colorado, on which there was a deed of trust in favor of Allied Bank of Texas. They entered into a contract with Roberts for the construction of a K-Mart store on the subject property. Roberts, as general contractor, then entered into a subcontract with CCI for the performance of concrete and paving work on the project. However, CCI was unable to obtain the necessary performance bonds as required by Roberts. Roberts, CCI, and Ideal then entered into a written amendment to the contract in which it was stated that Ideal was substituted for CCI in the original contract. On the date of the amendment, Ideal obtained a performance bond from defendant Continental Insurance Company in favor of defendants Roberts and Allied Bank of Texas guaranteeing Ideal's performance.

Roberts began work on the project in early July 1979. CCI performed most of the concrete work, having purchased concrete from defendant Mobile Premix Concrete, Inc., for that purpose. However, CCI did not complete the paving work. On December 10, 1979, Roberts notified CCI that it viewed CCI as having breached the con-

tract and therefore terminated CCI from any further performance under the contract. Roberts thereafter secured a substitute contractor to complete the contract.

Plaintiffs originally brought an action to foreclose their mechanic's lien in the amount of $66,407.02 which had been filed on February 26, 1980. All of the defendants bringing this appeal filed an answer and counterclaim in which they alleged that plaintiffs had breached their contract in that they had not performed in a timely fashion or in a workmanlike manner and had failed to pay defendant Mobile Premix Concrete, Inc. Defendant Mobile Premix responded by filing a counterclaim against plaintiffs and a cross-claim to foreclose its own mechanic's lien as well as a cross-claim against defendant Continental Insurance Company for the value of materials supplied to plaintiff for which it had not been paid. Defendants Roberts and Allied Bank of Texas later filed a cross-claim against defendant Continental Insurance Company on Ideal's performance bond. Plaintiffs then added a claim against defendant Roberts only for breach of contract.

Prior to trial, the court entered a stipulated judgment in favor of Mobile Premix against plaintiffs and Continental Insurance Company and ordered that the property be subject to a mechanic's lien in the amount of $66,486.92. Following trial to the court, the court entered judgment in favor of plaintiffs against Roberts in the amount of $28,031 for the balance due on the work completed and $8,941 for lost profits on the breach of contract claim, ordered that plaintiffs had a lien on the property in the amount of $28,031, and dismissed appellants' counterclaim. On appellants' motion for a new trial, the court ordered that plaintiffs' mechanic's lien be merged with the prior judgment awarded to Mobile Premix and that any payment thereon to Mobile Premix would be deemed a payment to plaintiffs.

## I

Appellants first contend that the trial court should have extinguished plaintiffs'

mechanic's lien claim. They assert basically two reasons for this contention. First, that because the plaintiffs knew that the amount of the lien stated in the lien statement filed February 26, 1980, was far in excess of any reasonable claim for the value of labor and materials provided, the lien must be extinguished pursuant to § 38–22–128, C.R.S.1973 (1981 Cum.Supp.). Secondly, they contend plaintiffs included lost profit in the lien statement thereby making the claim excessive and forfeiting all of their rights to any lien.

Section 38–22–128, C.R.S.1973 (1982 Repl. Vol. 16A) provides as follows:

"Any person who files a lien under this article for an amount greater than is due without a reasonable possibility that said amount claimed is due and with the knowledge that said amount claimed is greater than that amount due, and that fact is shown in any proceeding under this article, shall forfeit all rights to such lien plus such person shall be liable to the person against whom the lien was filed in an amount equal to the costs and all attorneys fees."

That statute was added to the general mechanics' lien article in 1975. At that time the General Assembly did not repeal the existing statute dealing with allegedly excessive mechanic's lien statements which was contained in § 38–22–123, C.R.S.1973 (1982 Repl.Vol. 16A). That statute provides in part as follows:

"[I]f any person files either of said statements for a lien for a larger sum than is due or to become due, in fact, or in probability, as the case may be, with intent to cheat or defraud any other person, and that fact appears in any proceeding under this article, such person shall forfeit all rights to such lien under this article."

Because these statutes relate to the same subject and are *in pari materia,* we must construe the statutes together and reconcile the provisions, giving effect to each. *Buck v. District Court,* 199 Colo. 344, 608 P.2d 350 (1980). Before a mechanic's lien may be extinguished pursuant to these statutes it must first be shown that there is

no reasonable probability that the amount claimed is due. Only then does the question of the lien claimant's state of mind arise. The "cheat or defraud" standard in § 38–22–123 encompasses the "knowledge" standard in § 38–22–128. If a person intends to cheat or defraud someone regarding the amount of a mechanic's lien, he would necessarily have to have had knowledge that the amount was in error. Thus, the standard to be applied is both knowledge and intent to cheat or defraud.

■ In ruling on this issue, the trial court found that, although the amount of the lien claimed in the lien statement was in excess of that actually awarded by the court, it was not excessive and thus denied the motion for discharge of the lien. The record supports the conclusion that there was no intent to cheat or defraud.

## II

Appellants next contend that the trial court erred in awarding any damages to either CCI or Ideal on the basis of breach of contract. This argument is based on the premise that CCI was not a party to the final contract, Ideal having been substituted for CCI in the original contract, and that Ideal, the only party with standing to sue on the contract, admittedly suffered no damages. We disagree.

■ It is true that following the amendment of the contract Ideal and Roberts were the only parties to the contract as written. However, where a contract is made for the benefit of a third party, that third party has an interest and a right of action in the contract. *Sanders v. Black,* 136 Colo. 417, 318 P.2d 1100 (1957); *Continental Casualty Co. v. Carver,* 91 Colo. 188, 14 P.2d 181 (1932). As stated in *Borwick v. Bober,* 34 Colo.App. 423, 529 P.2d 1351 (1974):

"A third person may enforce a contractual obligation, although he is not a party to the agreement, when the promise to be enforced is expressly stated in the contract, or is apparent from the agreement and surrounding circumstances and the benefit conferred is direct and not incidental."

■ The key question is the intent of the parties to the actual contract to confer a benefit on a third party. That intent must appear from the contract itself or be shown by necessary implication. It is a question of fact to be determined by the terms of the contract taken as a whole, construed in the light of the circumstances under which it was made and the apparent purpose the parties were trying to accomplish. *See Borwick v. Bober, supra.*

■ The record supports the trial court's finding that all the parties to the amendment were aware that the sole purpose for the amendment was to enable CCI to meet the bonding requirements and that it was CCI who would actually perform the contract. After the execution of the assignment, only CCI performed any work on the contract and all of Roberts' dealings under the contract, including partial payment for work completed, were with CCI and not Ideal. Also, when Roberts terminated the contract it notified CCI and not Ideal. These findings support the conclusion that the parties to the contract intended to make CCI a third-party beneficiary of the contract, and therefore, both CCI and Ideal could bring an action to enforce the contract.

## III

Appellants next contend that the evidence was insufficient to support the trial court's conclusion that appellants breached the contract and that the trial court erred in failing to give judgment in favor of appellants and against plaintiffs for breach of contract. We disagree.

■ The contract did not provide for a specific time by which plaintiff's performance would be completed. Roberts sought to establish that plaintiffs had breached the contract by not performing in a timely manner. It thus attempted to justify its termination of the contract and refusal to allow plaintiffs to complete the contract by this evidence of untimely performance.

The evidence regarding the nature and length of the delays, the reasons for them, and who was responsible was voluminous and in sharp conflict. The evidence supports the trial court's findings that the delays in CCI's performance were not unreasonable and due largely to weather conditions, certain actions by Roberts, and other circumstances beyond CCI's control. Hence, these findings are binding on us on appeal. *Linley v. Hanson,* 173 Colo. 239, 477 P.2d 453 (1970). These findings support the conclusion of the trial court that Roberts was not justified in terminating the contract and was therefore in breach of the contract when it wrongfully terminated the contract and secured substitute performance.

## IV

Appellants' final contention is that the trial court erred in failing to award Roberts and defendant Allied Bank of Texas a judgment on their crossclaim against Continental Insurance Company on the bond because of CCI's admitted failure to pay its materialman, Mobile Premix. We agree.

We reject plaintiffs argument that there is no reason why two judgments should be entered against Continental Insurance Company on the same bond for the same claim, *i.e.,* the money owed by plaintiffs to their materialman. Contrary to plaintiffs' argument, Roberts and Allied Bank of Texas are not protected from any claim by Mobile Premix because of the previously stipulated judgment in favor of Mobile Premix against plaintiffs and Continental Insurance Company. Mobile Premix may be unwilling or unable to enforce its judgment against either plaintiffs or Continental Insurance Company in which case it could seek to enforce the mechanic's lien judgment to the detriment of property owners. Hence, Roberts and Allied Bank of Texas should have been awarded judgment against Continental Insurance Company on the performance bond in the amount of $30,514.92, the difference between Mobile Premix's lien and the judgment in favor of plaintiffs.

However, Mobile Premix is entitled to only one satisfaction of its claim. Enforcement and payment of either the judgment in favor of Mobile Premix against plaintiffs and Continental Insurance Company or the judgment in favor of Roberts and Allied Bank of Texas against Continental Insurance Company shall be deemed to be payment of the other.

The judgment is reversed as to the denial of a judgment on the cross-claim by Roberts and Allied Bank of Texas and the cause is remanded to the trial court with directions to enter judgment in favor of Roberts and Allied Bank of Texas and against Continental Insurance Company on the performance bond consistent with this decision. The judgment is affirmed in all other respects.

PIERCE and KELLY, JJ., concur.