**Laura ROMSTROM, Plaintiff-Appellant,**

v.

**Robert J. AMTER and Joseph A. Amter or his estate, d/b/a Equity Mortgage Investors, a Partnership, Defendants-Appellees.**

**No. 83CA1264.**

Colorado Court of Appeals, Div. I.

March 14, 1985.

Rehearing Denied May 2, 1985.

Certiorari Denied Nov. 4, 1985.

Dominick, Covell & Stern, P.C., Donald W. Alperstein, Law Offices of Arnold Alperstein, P.C., Arnold Alperstein, Denver, for plaintiff-appellant.

Arnold & Porter, Harris D. Sherman, Andre M. Reiman, Laurie J. Bennett, Denver, for defendants-appellees.

PIERCE, Judge.

Plaintiff, Laura Romstrom, was the owner of four parcels of land encumbered by deeds of trust in favor of defendants, Robert J. Amter and the estate of Joseph A. Amter d/b/a Equity Mortgage Investors. Following plaintiff's default on the obli-

gations secured by the deeds of trust, defendants acquired the property through foreclosure, and resold it at a considerable profit. Plaintiff brought suit for the proceeds of the resale. The trial court dismissed the complaint, and we affirm.

Defendants' bid at the June 1, 1977, foreclosure sale was approximately equal to the amount of outstanding indebtedness owed by plaintiff. They were issued public trustee's deeds on August 17, 1977, following the expiration of plaintiff's period for redemption.

Plaintiff's complaint did not contest the validity of the foreclosure sale, but alleged that the sum obtained by defendants' resale of the property was "grossly in excess [of] the amount owed by plaintiff to defendants," and that "[t]he profits realized by defendants were unconscionably high and amounted to unlawful profits by defendants."

On appeal, plaintiff's principal contention is that the complaint, taken together with the allegations in plaintiff's brief in opposition to defendants' motion for summary judgment and its accompanying affidavit, is sufficient to state a claim for fraud or for equitable relief. We disagree.

■ If, following foreclosure, the owner fails to exercise her right of redemption during the statutory period, all right, title, and interest in and to the property is ordinarily lost. *See Baber v. Baber*, 28 Colo. App. 530, 474 P.2d 630 (1970).

■ Here, plaintiff does not contest the validity of the foreclosure sale or of the public trustee's deeds subsequently issued to defendants. Hence, it follows that plaintiff was without any interest in the property or in the proceeds of the sale of the property. Any allegations of impropriety in the bids for the property are relevant only to the validity of the foreclosure sale itself, not to the right to the proceeds of the subsequent sale of the property. Accordingly, the complaint was properly dismissed for failure to state a claim upon which relief could be granted. *See Fort Collins—Loveland Water District v. City of Fort Collins*, 174 Colo. 79, 482 P.2d 986 (1971); *Nelson v. Nelson*, 31 Colo.App. 63, 497 P.2d 1284 (1972).

In view of our disposition of this issue, we do not reach plaintiff's remaining contention.

Defendants' request for attorney fees is denied.

Judgment affirmed.

SMITH and BABCOCK, JJ., concur.