WESTERN INNOVATIONS, INC.; Union Insurance Company; United Fire & Casualty; Tartan Products Company; and Randy Overly, d/b/a CP & D Companies, Plaintiffs–Appellants,

v.

SONITROL CORPORATION, f/k/a Sonitrol Management Corporation, a Delaware corporation, Defendant–Appellee.

Nos. 06CA2275, 06CA2287, 06CA2288.

Colorado Court of Appeals, Division V.

May 15, 2008.

Fasing Law Firm, PC, Gregory Fasing, Denver, Colorado, for Plaintiff–Appellant Western Innovations, Inc.

Vargo Myers Janson, P.C., Todd A. Myers, Lakewood, Colorado, for Plaintiffs–Appellants Union Insurance Company, United Fire & Casualty, Tartan Products Company, and Randy Overly.

Hall & Evans, L.L.C., Alan Epstein, Brian P. Molzahn, Devi C. Yorty, Denver, Colorado; Kane Russell Coleman Logan, PC, Robert N. Lemay, Dallas, Texas, for Defendant–Appellee.

Opinion by Judge J. JONES.

Plaintiffs, Western Innovations, Inc. (Western), Tartan Products Company (Tartan), Randy Overly, United Fire & Casualty (United), and Union Insurance Company (Union), appeal the district court's dismissal and summary judgment in favor of defendant, Sonitrol Corporation (Sonitrol), on their claims for negligence. We affirm.

## I. Background

Western and Core–Mark International, Inc. (Core–Mark) leased separate but adjacent spaces in a warehouse owned by Prim Upland Distribution Center Associates, LLC (Prim). The two spaces were separated by a firewall. Tartan and Overly stored goods and products in Western's portion of the warehouse. United insured Tartan's inventory; Union insured Western.

In December 1995, Core–Mark contracted with Sonitrol for burglar alarm services covering Core–Mark's portion of the warehouse. Pursuant to that contract, Sonitrol both installed and monitored a burglar alarm system in Core–Mark's premises.

On April 10, 2000, Western entered into an agreement with Sonitrol's franchisee, Cornerstone Security, Inc. (Cornerstone), for installation and monitoring of a burglar alarm system in its portion of the warehouse. Sonitrol monitored the burglar alarm system in Western's premises pursuant to its franchise agreement with Cornerstone.

Cornerstone entered into an agreement with Prim in December 2000 to provide fire alarm and sprinkler signaling services for the entire warehouse. Sonitrol also monitored the fire alarm system pursuant to its franchise agreement with Cornerstone.

During the early morning hours of December 21, 2002, burglars sawed a hole in the overhead door located in Core–Mark's premises and forcibly entered Core–Mark's space. Plaintiffs alleged that although Sonitrol's burglar alarm system detected multiple audio disturbances while the burglars were inside Core–Mark's premises, Sonitrol's employees ignored those alarms, repeatedly reset the alarms, and did not alert the police.

The burglars stole Core–Mark's property and then started two fires in Core–Mark's portion of the warehouse. Sonitrol alerted the fire department after Cornerstone's fire alarm system detected a fire; however, the fire department was already on site. The fire ultimately destroyed the entire building, resulting in the destruction of Western's, Tartan's, and Overly's property.

Numerous parties filed lawsuits against Sonitrol, Cornerstone, and Core–Mark, among others, which the district court consolidated. As relevant here, the complaint filed by plaintiffs (except Overly) against Sonitrol asserted claims for negligence, gross negligence, breach of contract, misrepresentation, and breach of implied warranties. Notably, the complaint alleged duties and obligations arising out of the contract between Sonitrol and Core–Mark as the bases for all of these claims. The complaint did not allege that Sonitrol breached Cornerstone's burglar alarm services contract with Western or Cornerstone's fire alarm contract with Prim, nor did it allege that Sonitrol breached any tort duty arising out of those contracts. (Overly's complaint is not included in the record on appeal.)

Sonitrol moved to dismiss the negligence claims pursuant to C.R.C.P. 12(b)(5) and moved for summary judgment on those claims, arguing that plaintiffs had alleged only nonfeasance, and that in the absence of a special relationship between it and plaintiffs, which plaintiffs had not alleged, it owed no tort duty to plaintiffs as a matter of law. The district court granted Sonitrol's motion to dismiss in case number 04CV3625 and its motion for summary judgment in case number 03CV3836, essentially agreeing with Sonitrol's argument. The court also granted summary judgment in Sonitrol's favor on plaintiffs' other claims.

Plaintiffs appeal only the dismissal of and summary judgment on their negligence claims against Sonitrol.

## II. Discussion

Plaintiffs contend (1) the district court erroneously characterized Sonitrol's alleged negligence as nonfeasance rather than misfeasance in determining that Sonitrol did not owe them any duty in tort; and (2) even if the district court properly characterized Sonitrol's alleged negligence as nonfeasance, there was a "special situation" here such that under the principles articulated in the Restatement (Second) of Torts sections 323 and 324A, Sonitrol owed them a duty in tort which Sonitrol breached by negligently performing its obligations under its burglar alarm system contract with Core–Mark.

We disagree with plaintiffs' contentions. We conclude plaintiffs failed to allege any facts which, if proved, would establish that Sonitrol's conduct amounted to misfeasance rather than nonfeasance or that Sonitrol owed them a duty in tort under either section 323 or section 324A. We also conclude that plaintiffs failed to show that a genuine issue of material fact existed as to either of their misfeasance or special situation theories or that Sonitrol was not entitled to judgment as a matter of law.

### A. Standard of Review

#### 1. Motion to Dismiss

A complaint should not be dismissed for failure to state a claim unless it appears

beyond doubt that the plaintiff cannot prove facts in support of a claim that would entitle it to relief. *Coors Brewing Co. v. Floyd,* 978 P.2d 663, 665 (Colo.1999). *But see Bell Atl. Corp. v. Twombly,* ––– U.S. –––, –––, 127 S.Ct. 1955, 1965, 1968–69, 167 L.Ed.2d 929 (2007) (abrogating this standard for motions under Fed.R.Civ.P. 12(b)(6), and holding that to survive such a motion the complaint must set forth factual allegations sufficient to "raise a right to relief above the speculative level"); *Alvarado v. KOB–TV, L.L.C.,* 493 F.3d 1210, 1215 n. 2 (10th Cir.2007) (holding that the *Bell Atl. Corp.* standard applies to all motions to dismiss for failure to state a claim for relief). In ruling on a motion to dismiss for failure to state a claim for relief, the court must accept all well-pleaded facts as true, and the allegations of the complaint must be viewed in the light most favorable to the plaintiff. *Public Serv. Co. v. Van Wyk,* 27 P.3d 377, 386 (Colo.2001); *Abts v. Bd. of Educ.,* 622 P.2d 518, 522 n. 5 (Colo.1980); *Sweeney v. United Artists Theater Circuit, Inc.,* 119 P.3d 538, 539 (Colo.App.2005).

■ However, the court is not required to accept as true legal conclusions couched as factual allegations. *Bell Atl. Corp.,* ––– U.S. at –––, 127 S.Ct. at 1964–65; *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); *see also Colo. Criminal Justice Reform Coalition v. Ortiz,* 121 P.3d 288, 294–95 (Colo.App.2005). Further, a complaint may be dismissed if the substantive law does not support the claims asserted. *Denver Parents Ass'n v. Denver Bd. of Educ.,* 10 P.3d 662, 664 (Colo.App.2000); *Nelson v. Nelson,* 31 Colo.App. 63, 65–66, 497 P.2d 1284, 1286 (1972).

■ When reviewing a district court's dismissal of a complaint for failure to state a claim for relief, we apply the same standards as the district court. *Schoen v. Morris,* 15 P.3d 1094, 1096 (Colo.2000); *Coors Brewing Co.,* 978 P.2d at 665. Hence, we review the district court's dismissal for failure to state a claim for relief de novo. *Sweeney,* 119 P.3d at 539.

### 2. Motion for Summary Judgment

Summary judgment should be granted only if the pleadings and supporting documentation show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. C.R.C.P. 56(c); *Ringquist v. Wall Custom Homes, LLC,* 176 P.3d 846, 849 (Colo.App.2007); *Premier Farm Credit, PCA v. W–Cattle, LLC,* 155 P.3d 504, 512 (Colo. App.2006). A material fact is one that will affect the outcome of the case. *Struble v. American Family Ins. Co.,* 172 P.3d 950, 955 (Colo.App.2007). Once the movant shows the absence of a genuine issue of material fact, the burden shifts to the nonmovant to show that a dispute exists concerning a material fact. *Camus v. State Farm Mut. Auto. Ins. Co.,* 151 P.3d 678, 680 (Colo.App.2006).

We review an order granting summary judgment de novo. *West Elk Ranch, L.L.C. v. United States,* 65 P.3d 479, 481 (Colo. 2002); *Ringquist,* 176 P.3d at 849.

### 3. Determination of Legal Duty

■ Whether a particular defendant owes a legal duty to a particular plaintiff is a question of law. *Univ. of Denver v. Whitlock,* 744 P.2d 54, 57 (Colo.1987). " 'The court determines, as a matter of law, the existence and scope of the duty-that is, whether the plaintiff's interest that has been infringed by the conduct of the defendant is entitled to legal protection.' " *Id.* (quoting *Metropolitan Gas Repair Serv., Inc. v. Kulik,* 621 P.2d 313, 317 (Colo.1980)). Consequently, we review de novo the district court's determination that Sonitrol owed no tort duty to plaintiffs. *Cary v. United of Omaha Life Ins. Co.,* 68 P.3d 462, 465 (Colo. 2003).

### B. Nonfeasance and Misfeasance

■ Before turning to the merits of this issue, we observe that in their opening brief, plaintiffs, after arguing that Sonitrol's conduct constituted misfeasance, state in purely conclusory fashion that because Sonitrol's conduct constituted misfeasance, "Colorado law clearly imposes a duty which was breached by Sonitrol." But this begs the question to whom any such duty was owed. It does not necessarily follow that Sonitrol owed a duty to *plaintiffs* even if its conduct consti-

tuted misfeasance. Aside from their arguments premised on sections 323 and 324A, plaintiffs' opening brief contains no other argument as to why Sonitrol owed them a duty in tort. As discussed below, a duty may be imposed under the principles articulated in sections 323 and 324A regardless whether the actor's conduct constituted nonfeasance or misfeasance. Therefore, it is unclear to us why plaintiffs persist in arguing that the district court erred in concluding that they had alleged facts showing only nonfeasance. Nevertheless, because plaintiffs rely so heavily on this distinction, we address the contention.

■ "In determining whether a defendant owes a duty to a particular plaintiff, the law distinguishes between acting and failure to act, that is, misfeasance, which is active misconduct that injures others, and nonfeasance, which is a failure to take positive steps to protect others from harm." *Smit v. Anderson*, 72 P.3d 369, 372 (Colo.App.2002); *accord Univ. of Denver*, 744 P.2d at 57. " 'The reason for the distinction may be said to lie in the fact that by "misfeasance" the defendant has created a new risk of harm to the plaintiff, while by "nonfeasance" he has at least made the situation no worse, and had merely failed to benefit him by interfering in his affairs.' " *Univ. of Denver*, 744 P.2d at 57 (quoting W. Keeton et al., *Prosser and Keeton on the Law of Torts* § 56, at 373 (5th ed.1984) ); *accord Perreira v. State*, 768 P.2d 1198, 1208 (Colo.1989); *Smit*, 72 P.3d at 372; *see* Restatement (Second) of Torts § 314 & comment c.

We are persuaded that the facts alleged by plaintiffs would, if proved, establish merely nonfeasance by Sonitrol rather than misfeasance. At bottom, plaintiffs alleged Sonitrol failed to notify the police when the burglar alarm system detected sounds within the warehouse. Plaintiffs did not allege that Sonitrol took any action which created a new risk of harm—that is, a risk that would not have existed but for its agreement to monitor the burglar alarm system. *See* Restatement (Second) of Torts § 314 comment d (the rule of no duty for nonfeasance "applies only where the peril in which the actor knows that the other is placed is not due to any active

force which is under the actor's control"); *cf. World Trade Knitting Mills, Inc. v. Lido Knitting Mills, Inc.*, 154 A.D.2d 99, 551 N.Y.S.2d 930, 934–36 (App.Div.1990) (alarm monitoring company's failure to alert fire department of fire in covered premises constituted nonfeasance).

Plaintiffs' reliance on *Smit* is misplaced. In that case, a worker hired by the homeowner was injured in the course of construction and subsequently brought a negligence action against the contractor. Following a jury verdict finding the contractor partially at fault, the contractor appealed, claiming he did not owe any duty to the worker because he had no special relationship with the worker. The division affirmed, concluding that the worker was not required to prove the existence of a special relationship because the contractor's affirmative conduct of obtaining the building permit and otherwise assisting the homeowner in obtaining financing constituted misfeasance. *Smit*, 72 P.3d at 373.

In this case, however, Sonitrol took no affirmative action to create the risk that Core–Mark's premises would be burglarized. Put another way, the fact Sonitrol agreed to monitor the burglar alarm system made it no more likely that burglars would break into the premises and start a fire.

We therefore conclude that plaintiffs alleged nonfeasance on Sonitrol's part. We now turn to the question whether Sonitrol nevertheless owed plaintiffs a duty in tort under the principles set forth in sections 323 and 324A of the Restatement (Second) of Torts.

## C. Special Situation

■ Even where an alleged tortfeasor's conduct constitutes mere nonfeasance, in limited circumstances the law may impose on that alleged tortfeasor a duty to take affirmative action for another's aid and protection. Such a duty may exist where there is a "special relationship" between the actor and the injured party or the actor committed itself to the performance of an undertaking, gratuitously or by contract, under the circumstances described in sections 323, 324, or

324A of the Restatement (Second) of Torts. Restatement (Second) of Torts § 314 comment a; *see Univ. of Denver,* 744 P.2d at 58 n. 3; *Smit,* 72 P.3d at 372.

Plaintiffs concede that there was no special relationship between any of them and Sonitrol. They contend, however, that they alleged facts which, if proved, would show Sonitrol owed them a duty under either section 323 or section 324A of the Restatement, or established the existence of a genuine issue of material fact as to the applicability of those sections. We address sections 323 and 324A in turn.

### 1. Section 323

■ Section 323 of the Restatement (Second) of Torts provides as follows:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> (a) his failure to exercise such care increases the risk of such harm, or
>
> (b) the harm is suffered because of the other's reliance upon the undertaking.

Plaintiffs' reliance on section 323 is unavailing, for at least two reasons.

First, as a matter of law, section 323 does not apply here because it applies to claims asserted by parties for whom the alleged tortfeasor undertook to perform the services which the alleged tortfeasor negligently performed. This is clear from section 323's plain language—the "other" referred to therein is clearly a party to the "undertaking."

Moreover, section 324A sets forth circumstances where a party may have a duty to a third party—that is, a nonparty to or unintended beneficiary of the undertaking—based on harm the third party suffered due to the alleged tortfeasor's negligent failure to perform an undertaking to another. "The rule stated in [section 324A] parallels the one stated in [section] 323, as to the liability of the actor to the one to whom he has under-

taken to render services. [Section 324A] deals with the liability to third persons." Restatement (Second) of Torts § 324A comment a; *see Jefferson County School Dist. R-1 v. Justus,* 725 P.2d 767, 770 (Colo.1986); Restatement (Second) of Torts § 314 comment a (a party "may have assumed a duty of reasonable care for the protection of the other, or even a third person, as stated in [sections] 323, 324, and 324A").

Here, plaintiffs' complaint alleged, and on appeal plaintiffs contend only, that Sonitrol negligently failed to perform services it agreed to perform under its contract with Core-Mark. As to that undertaking, plaintiffs are neither parties nor intended beneficiaries; rather, they are third parties.

Second, plaintiffs failed to allege facts showing, and failed to establish a genuine issue of material fact as to, the additional requirement for imposition of liability under section 323: specifically, either that Sonitrol's undertaking with Core-Mark increased plaintiffs' risk or that plaintiffs relied on Sonitrol to perform the service it agreed to perform for Core-Mark. Restatement (Second) of Torts § 323; *Jefferson County School Dist. R-1,* 725 P.2d at 771.

Plaintiffs contend in their reply brief on appeal that Sonitrol's actions increased their risk of harm. We need not address this contention, however, because plaintiffs made no such argument in their opening brief. *Colorado Korean Ass'n v. Korean Senior Ass'n,* 151 P.3d 626, 629 (Colo.App.2006); *Province v. Johnson,* 894 P.2d 66, 69 (Colo. App.1995).

> We observe, however, that subsection (a) applies only when the defendant's actions increased the risk of harm to the plaintiff relative to the risk that would have existed had the defendant never provided the services initially. Put another way, the defendant's negligent performance must somehow put the plaintiff in a worse situation than if the defendant had never begun the performance.

*Turbe v. Virgin Islands,* 938 F.2d 427, 432 (3d Cir.1991); accord *Vaughan v. Eastern Edison Co.,* 48 Mass.App.Ct. 225, 719 N.E.2d 520, 525 (1999); *Power v. Boles,* 110 Ohio

App.3d 29, 673 N.E.2d 617, 621 (1996); *see* Restatement (Second) of Torts § 323 comment c (increased risk of harm refers to situations where "the actor's assistance has put the other in a worse position than he was in before"). Plaintiffs have not contended that by agreeing to monitor the burglar alarm system Sonitrol increased the risk of a burglary of Core–Mark's premises, or of any burglar setting a fire, or of such a fire destroying their property.

Although plaintiffs contend in their briefs on appeal that they suffered harm due to their reliance on Sonitrol's undertaking with Core–Mark, their complaint does not contain any such allegation and they point to nothing in the record evidencing such reliance. Conclusory statements in a brief are not evidence and therefore cannot preclude summary judgment. *See People in Interest of J.M.A.,* 803 P.2d 187, 193 (Colo.1990); *Sullivan v. Davis,* 172 Colo. 490, 495, 474 P.2d 218, 221 (1970). And, contrary to plaintiffs' assertions, it is not "self-evident" that plaintiffs relied on Sonitrol to guard their property against fires caused by burglaries occurring in another tenant's premises. Indeed, the fact that Western contracted separately with Cornerstone for burglar alarm monitoring services relating to its premises belies plaintiffs' claim of reliance on the contract between Sonitrol and Core–Mark.

In sum, we conclude that, based on the facts alleged and presented by plaintiffs, Sonitrol owed no tort duty to plaintiffs under section 323 as a matter of law.

### 2. Section 324A

■ Section 324A of the Restatement (Second) of Torts provides:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(a) the harm is suffered because of reliance of the other or the third person upon the undertaking.

We observe at the outset that it is questionable whether plaintiffs preserved any argument based on section 324A for appeal, as the record does not show plaintiffs relied on section 324A in the district court. *See Fifth Third Bank v. Jones,* 168 P.3d 1, 5 (Colo. App.2007). In any event, we conclude plaintiffs failed to allege facts showing, or to present any evidence establishing a genuine issue of material fact as to, Sonitrol's potential liability under section 324A.

■ "[F]or purposes of liability under . . . [section] 324A, it must be demonstrated that the services rendered either increased the risk of harm to the third party or consisted of the performance of a duty owed by the other party to the involved third party, or that the harm resulted from the third party's reliance upon the service renderer's performance." *May Dep't Stores Co. v. University Hills, Inc.,* 789 P.2d 434, 441 (Colo.App.1989).

Here, as discussed above, because plaintiffs argue for the first time in their reply brief that Sonitrol's performance under its contract with Core–Mark increased their risk of harm, we need not address that argument, *Colorado Korean Ass'n,* 151 P.3d at 629, and it is without merit in any event. Plaintiffs do not assert that Sonitrol undertook to perform a duty owed by another party to plaintiffs. Finally, as discussed above, plaintiffs failed to allege or to present any evidence that they relied on Sonitrol's burglar alarm services contract with Core–Mark to prevent fire losses in the premises leased by Western.

*Scott & Fetzer Co. v. Montgomery Ward & Co.,* 112 Ill.2d 378, 98 Ill.Dec. 1, 493 N.E.2d 1022 (1986), on which plaintiffs rely, is not persuasive. In that case, the primary tenant of a warehouse contracted with a fire alarm company because its lease expressly obligated it to obtain a fire alarm system for the warehouse due to the nature of the tenant's highly flammable property. *Id.* at 1024. The court, purporting to apply section 324A, held that the adjacent tenants were not required to show that they relied on the fire alarm company's performance in order to

impose a duty on the fire alarm company; rather, it was sufficient that the primary tenant relied on the fire alarm company pursuant to its contract.

We disagree with the court's reasoning in *Scott & Fetzer*. In our view, the plain language of section 324A requires that to impose liability based on reliance, the party claiming to be owed the duty must have relied on the defendant's undertaking with another.

Thus, we conclude that for many of the same reasons plaintiffs' reliance on section 323 falters, their reliance on section 324A is likewise unavailing.

### D. Other Source of Duty

Plaintiffs also contend in their reply brief that a tort duty may be imposed on Sonitrol based on a consideration of the factors articulated in *Taco Bell, Inc. v. Lannon*, 744 P.2d 43 (Colo.1987). "These factors may include, for example, 'the risk involved, the foreseeability and likelihood of injury as weighed against the social utility of the [defendant's] conduct, the magnitude of the burden of guarding against injury or harm, and the consequences of placing the burden upon the [defendant].'" *Id.* at 46 (quoting in part *Smith v. City & County of Denver*, 726 P.2d 1125, 1127 (Colo.1986)); accord Univ. of Denver, 744 P.2d at 57. Though plaintiffs' opening brief mentions these factors, it contains no argument pertaining thereto, and therefore, we will not consider this argument. *See Schempp v. Lucre Mgmt. Group, LLC*, 75 P.3d 1157, 1164–65 (Colo.App.2003).

### III. Conclusion

"A negligence claim must fail if based on circumstances for which the law imposes no duty of care upon the defendant for the benefit of the plaintiff." *Univ. of Denver*, 744 P.2d at 56; *accord Vigil v. Franklin*, 103 P.3d 322, 325 (Colo.2004); *Jefferson County School Dist. R–1*, 725 P.2d at 769. Plaintiffs here failed to allege facts sufficient to show that Sonitrol owed them any tort duty arising out of its contract with Core–Mark, the sole alleged basis for any such duty, and likewise failed to establish a genuine issue of material fact as to the existence of such a duty. Ac-cordingly, the district court did not err in dismissing the complaint in case number 04CV3625 and otherwise entering summary judgment in Sonitrol's favor.

The judgments are affirmed.

Judge ROY and Judge GRAHAM concur.