**Lyle SCHNACKER, Plaintiff–Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant–Appellee.**

**No. 91CA0972.**

Colorado Court of Appeals, Div. II.

July 2, 1992.

Rehearing Denied July 30, 1992.

Certiorari Denied Jan. 19, 1993.

Wilcox, Ogden & Cox, P.C., Ralph Ogden, Denver, for plaintiff-appellant.

Hall & Evans, Alan Epstein, John P. Mitzner, Denver, for defendant-appellee.

Opinion by Judge PLANK.

Plaintiff, Lyle Schnacker, appeals the summary judgment entered in favor of defendant, State Farm Automobile Insurance Company. We affirm.

On November 8, 1986, the plaintiff was in an automobile accident caused by an uninsured driver. At the time of this accident, the plaintiff had uninsured motorists insurance issued by the defendant as required by the no-fault insurance statute, § 10–4–706, C.R.S. (1987 Repl.Vol. 4A).

On January 23, 1988, the plaintiff was in another automobile collision caused by an individual who was also insured by the defendant, and his policy provided liability limits of $100,000 per person. At that time, plaintiff still had no-fault and uninsured motorist coverage provided by defendant.

After the second accident, the plaintiff, who was then 60 years old, was unable to return to his employment as a lathe operator. Plaintiff's physician attributed 100% of the cause of the plaintiff's inability to return to work to the second accident. After examining plaintiff, defendant's physician apportioned 20% of the cause of injuries to the uninsured motorist collision and 80% to the second accident.

When plaintiff attempted to settle his damage claims on the two accidents, two of the defendant's adjusters took varying positions on the damages attributable to uninsured motorist accident and the second accident. The plaintiff subsequently filed suit against the other motorist in the second accident; however, a mistrial was declared.

Plaintiff eventually settled both claims with the defendant, the uninsured motorist claim for $10,000 and the second accident claim for $100,000, the policy limits. As part of the second accident settlement, plaintiff retained the right to amend his complaint and sue the defendant for any prejudgment interest he might be entitled to.

Alleging that defendant had, in bad faith, delayed settlement of the second accident plaintiff then asserted this claim against the defendant. Under that theory, plaintiff asserted that, in addition to the $100,000 paid on the second accident claim, the defendant owed him interest for a seventeen month period. Relying on § 5–12–102, C.R.S. (1991 Cum.Supp.), plaintiff alleged that, because both liability and damages were clear as of March 1, 1989, he is enti-

tled to interest on money wrongfully withheld by the defendant from that date until actual payment of the $100,000 seventeen months later.

Defendant filed a motion for summary judgment, alleging it could not be held liable for damages in the form of interest for any amount in excess of the policy limits. The trial court granted the defendant's motion for summary judgment.

Plaintiff contends that he is entitled to interest from the defendant during the seventeen month period of the second accident settlement negotiations. We disagree.

Plaintiff argues that the defendant refused to negotiate in good faith for seventeen months after it knew that its insured, the motorist in the second accident, was responsible for plaintiff's injuries and that his damages were in excess of the defendant's policy limits of $100,000. Plaintiff contends the defendant acted in bad faith because its adjusters presented conflicting positions during settlement negotiations and that it took seventeen months for the defendant to settle with the plaintiff for the policy limits of $100,000.

■ Plaintiff asserts that, pursuant to § 10–3–1104(1)(h)(VI), C.R.S. (1987 Repl. Vol. 4A), the defendant had an affirmative obligation to settle promptly his claim for its policy limits when liability, causality, and the amount of his damages became reasonably clear in March of 1989. However, § 10–3–1101 through § 10–3–1112, C.R.S. (1987 Repl.Vol. 4A) provides for state regulation of insurance companies and does not create a private cause of action. Hence, the statute relied upon by plaintiff cannot be used as a basis for his claim.

■ Plaintiff further alleges that, because the defendant breached this obligation and negotiated in bad faith and wrongfully withheld funds, he is entitled to interest for the seventeen months pursuant to § 5–12–102, C.R.S. (1991 Cum.Supp.). However, § 5–12–102(1), C.R.S. (1991 Cum. Supp.) generally pertains to post-judgment interest which applies to debt, contract, and property damage cases. Interest on per-

sonal injury claims is controlled by § 13–21–101, C.R.S. (1987 Repl.Vol. 6A). *See Mesa Sand & Gravel Co. v. Landfill, Inc.,* 776 P.2d 362 (Colo.1989). Here, the plaintiff's claim for interest arises from a personal injury and not as a creditor or a party to a contract; thus, § 5–12–102(1) affords plaintiff no basis for recovery.

Further, as to plaintiff's claim for interest, he is a third party claimant. Thus, plaintiff's claim presents the issue of whether an injured third party is entitled to maintain a bad faith action against an insurer. Here, this question relates solely to the second accident where the plaintiff is not an insured of the defendant.

Such issue has not previously been addressed by the Colorado courts. *See Munoz v. Prudential Insurance Co.,* 633 F.Supp. 564 (D.Colo.1986).

■ The duty of an insurer to act in good faith when dealing with its insured is recognized and is implied in law as a covenant of the insurance contract. The basis for liability in tort for the breach of an insurer's implied duty of good faith and fair dealing is grounded upon the special nature of the insurance contract and the relationship which exists between the insured and insurer. *Farmers Group, Inc. v. Trimble,* 691 P.2d 1138 (Colo.1984). That foundation obviously does not exist for a third party.

Other jurisdictions that have addressed the issue before us have held that an injured third party may not maintain a cause of action for bad faith breach of an insurance contract against a tortfeasor's insurer. *Uebelacker v. Horace Mann Insurance Co.,* 500 F.Supp. 180 (E.D.Wis.1980) (bad faith claim of third party available only if claimant has a vested claim as a result of statutory entitlement or as result of an unsatisfied judgment against the insured); *Dickey v. Alabama Farm Bureau Mutual Insurance Co.,* 447 So.2d 693 (Ala. 1984) (insurer's refusal to pay damages to third party does not create a claim for bad faith); *Coleman v. Gulf Insurance Group,* 41 Cal.3d 782, 226 Cal.Rptr. 90, 718 P.2d 77 (1986) (implied covenant of good faith and fair dealing, as embodied in an insurer's

duty to settle is not intended to benefit the injured third party claimant); *Bates v. Allied Mutual Insurance Co.*, 467 N.W.2d 255 (Iowa 1991) (third party does not have a cause of action against tort-feasor's insurer for bad faith); *Chavez v. Chenoweth*, 89 N.M. 423, 553 P.2d 703 (App.1976) (claim for relief for bad faith dealing by insurance company applies between insurer and insured and not between insurer and third party claimant.); *Niemeyer v. United States Fidelity & Guaranty Co.*, 789 P.2d 1318 (Okl.1990) (third party claimants are strangers to an insurance contract; hence, they cannot bring a bad faith action).

We consider the rulings from these jurisdictions to be sound and accordingly, decline to recognize a bad faith cause of action against an insurer by a third party claimant.

Since there is no statutory or common law basis for the claim asserted by plaintiff, the trial court properly entered summary judgment as a matter of law in favor of the defendant.

Accordingly, the judgment is affirmed.

SMITH and TURSI, JJ., concur.