**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 5, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KENT VU PHAN,

     Plaintiff - Appellant,

v.

AMERICAN FAMILY INSURANCE
COMPANY,

     Defendant - Appellee.

No. 17-1187
(D.C. No. 1:17-CV-00196-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se,[1] Kent Vu Phan appeals the district court's dismissal of his

complaint for lack of subject matter jurisdiction. We affirm.

Phan was injured in a car accident in 2012. He filed an insurance claim for

bodily injury with American Family Insurance Company (American Family), but

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe pro se pleadings. But we won't act as Phan's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

American Family rejected his claim. Phan brought a state-court action against American Family in November 2015, more than three years after the car accident. The state court dismissed Phan's action with prejudice because Phan failed to bring his claim within Colorado's three-year statute of limitations. Both the Colorado Court of Appeals and the Colorado Supreme Court dismissed Phan's appeal; Phan then commenced the instant action against American Family in federal district court.

Here, as he did in the previous state-court action, Phan seeks to recover money damages for the injuries he sustained in the 2012 car accident. He alleges American Family violated state insurance law and the Americans with Disabilities Act (ADA) of 1990, 42 U.S.C. §§ 12101–12213. The district court dismissed Phan's complaint for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine. It also denied Phan leave to proceed in forma pauperis (IFP) on appeal, finding the appeal wouldn't be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Phan appeals, arguing that the district court erred in dismissing his complaint for lack of subject matter jurisdiction. Our review is de novo. *Garman v. Campbell Cty. Sch. Dist. No. 1*, 630 F.3d 977, 983 (10th Cir. 2010).

"The *Rooker–Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Mann v. Boatright*, 477 F.3d 1140, 1146 (10th Cir. 2007) (quoting *Lance v. Dennis*, 546 U.S. 459, 460 (2006)); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *Rooker v. Fid.*

*Tr. Co.*, 263 U.S. 413, 415–16 (1923). It also precludes lower federal courts from assuming jurisdiction over claims that are "'inextricably intertwined' with a prior state-court judgment." *Mo's Express, LLC v. Sopkin,* 441 F.3d 1229, 1233 (10th Cir. 2006) (quoting *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002)). Claims are inextricably intertwined with prior state-court judgments if they "assert injuries based on the [state-court] judgments and, for [the plaintiff] to prevail, would require the district court to review and reject those judgments." *Mann*, 477 F.3d at 1147.

Here, the district court found that Phan's claims were inextricably intertwined with the prior state-court judgment because awarding Phan "money damages against [American Family] for the same injury complained of in the state court action . . . would require the [district court] to review and reject the state court's finding." R., 154–55. Phan doesn't dispute that the state- and federal-court lawsuits are inextricably intertwined. But he does argue that the *Rooker–Feldman* doctrine is nevertheless inapplicable because: (1) the district court may exercise supplemental jurisdiction over his claims; and (2) the *Erie* Doctrine, the Supremacy Clause, and the Equal Protection Clause supersede the *Rooker–Feldman* doctrine and provide the federal district court with jurisdiction over his state-law insurance claim.[2]

---

[2] Phan also argues that the state court dismissed his complaint because of his race. But Phan failed to assert race discrimination in district court. Thus, we consider this argument waived. *See Walker v. Mather (In re Walker),* 959 F.2d 894, 896 (10th Cir. 1992) (declining to consider arguments raised for first time on appeal). Additionally, he raises several other arguments for the first time in his reply brief. But "the general rule in this circuit is that a party waives issues and arguments raised

Phan's arguments lack merit. First, the *Rooker–Feldman* doctrine applies regardless of whether the district court would otherwise have jurisdiction because Phan is essentially asking the district court to review and reverse a final state-court judgment. *See Mann*, 477 F.3d at 1147. Next, nothing about the *Erie* Doctrine, the Supremacy Clause, or the Equal Protection Clause authorizes lower federal courts to review and reverse final state-court judgments. The *Erie* Doctrine instructs "a federal district court sitting in diversity [to apply] federal procedural law and state substantive law." *Jones v. United Parcel Serv., Inc.*, 674 F.3d 1187, 1203 (10th Cir. 2012). The Supremacy Clause provides that "federal law preempts contrary state enactments." *Chamber of Commerce of the U.S. v. Edmondson*, 594 F.3d 742, 765 (10th Cir. 2010). And the Equal Protection Clause "seeks to ensure that any classifications the law makes are made 'without respect to persons,' that like cases are treated alike, that those who 'appear similarly situated' are not treated differently without, at the very least, 'a rational reason for the difference.'" *SECSYS, LLC v. Vigil*, 666 F.3d 678, 684 (10th Cir. 2012) (quoting *Engquist v. Or. Dep't of Agric.,* 553 U.S. 591, 602 (2008)). These principles are inapposite here.

Accordingly, we affirm the district court's order. As a final matter, we deny Phan's motion to proceed IFP because he fails to present a non-frivolous argument. *See Lister v. Dep't Of Treasury,* 408 F.3d 1309, 1312 (10th Cir. 2005) (stating that "in order

for the first time in a reply brief." *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009). Accordingly, we decline to address these arguments.

4

to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action").

Entered for the Court

Nancy L. Moritz
Circuit Judge