The summaries of the Colorado Court of Appeals published opinions
 constitute no part of the opinion of the division but have been prepared by
 the division for the convenience of the reader. The summaries may not be
 cited or relied upon as they are not the official language of the division.
 Any discrepancy between the language in the summary and in the opinion
 should be resolved in favor of the language in the opinion.

 SUMMARY
 April 19, 2018

 2018COA56

No. 17CA0098, Peña v. American Family — Insurance — Motor
Vehicles — Uninsured/Underinsured

 A division of the court of appeals considers whether a

provision of an insurance policy permitting recovery for damages

from an uninsured motorist applies when a third party’s insurer

denies liability but not coverage. Here, the same insurer insured

both the plaintiff and the third party. Following a car accident, the

insurer took the third party’s position that he was not liable for the

damage to plaintiff’s car. Plaintiff sued insurer for unreasonably

delaying her claim for uninsured motorist property damage (UMPD).

Under her policy, plaintiff argued she was entitled to treat a denial

of liability as a denial of coverage. Her insurer asserts, and the

division agrees, that the plaintiff’s UMPD coverage does not apply

because a denial of liability does not amount to a denial of coverage.
COLORADO COURT OF APPEALS 2018COA56

Court of Appeals No. 17CA0098
Adams County District Court No. 16CV31040
Honorable Emily E. Anderson, Judge

Marissa Peña,

Plaintiff-Appellant,

v.

American Family Mutual Insurance Company,

Defendant-Appellee.

 JUDGMENT AFFIRMED

 Division II
 Opinion by JUDGE DAILEY
 Navarro and Márquez*, JJ., concur

 Announced April 19, 2018

Bendinelli Law Firm, P.C., Marc F. Bendinelli, Westminster, Colorado, for
Plaintiff-Appellant

Michael L. Adams, Ted Wallace, Englewood, Colorado, for Defendant-Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2017.
¶1 Plaintiff, Marissa Peña, appeals the district court’s judgment

 dismissing her complaint against defendant, American Family

 Mutual Insurance Company. We affirm.

 I. Background

¶2 While driving her car on June 24, 2013, Peña was involved in

 a three-car collision. When the accident occurred, she was insured

 by American Family Mutual Insurance Company (American Family).

 So too was one of the other drivers involved in the accident, Herman

 Garner.

¶3 In November 2013, Peña sent a letter to American Family

 asserting a claim under the uninsured motorist provisions of her

 policy. On September 9, 2015, the law firm representing Peña sent

 American Family another letter, specifically asserting that despite

 the conclusion of an investigating police officer

 assigning 100% pf [sic] the fault to Mr. Garner
 for causing this collision[,] . . . American
 Family is refusing to repair Ms. Pena’s car
 under Mr. Garner’s Property Damage coverage.

 ....

 Further, . . . Ms. Pena has Uninsured Motorist
 Property damage coverage stemming from her
 own policy. As you know, a denial from Mr.
 Garner’s insurance company (here American

 1
 Family) permits Ms. Pena to treat Mr. Garner
 as uninsured[,] entitling Ms. Pena [to]
 Uninsured Motorist Property Damage coverage.
 However, American Family has never issued a
 check for the damages to Ms. Pena’s vehicle
 under that coverage either.1

¶4 On September 17, 2015, American Family responded that it

 was denying Peña’s claim because (1) having completed its own

 investigation in the matter, it had “determined that Herman Garner

 is not responsible for the damage to either vehicle involved in the

 claim” and (2) because (as pertinent here) Garner’s vehicle “had

 active coverage at the time of the [accident],” Peña’s “coverage of

 Uninsured Motorists Property Damage would not apply.”

¶5 Peña instituted two actions, one against Garner,2 the other

 against American Family. In the case now before us, Peña sued

 American Family under section 10-3-1115, C.R.S. 2017, for the

 unreasonable delay and denial of benefits due under the Uninsured

 Motorist Property Damage (UMPD) provisions of her policy. In

 support of this claim, she alleged that her UMPD coverage

 1The law firm sought only the $2,794.03 which an auto body shop
 had estimated would be required to repair Peña’s car.

 2 American Family has apparently hired counsel to defend Garner
 in that action.

 2
 encompassed her situation here because it “expressly included

 vehicles that were insured by a . . . policy at the time of the accident

 but the insurer denies coverage.”

¶6 American Family moved to dismiss, arguing that Peña’s

 complaint failed, as a matter of law, to state a claim upon which

 relief could be granted because Peña’s UMPD coverage applied only

 if American Family (as Garner’s insurer) denied coverage (rather

 than liability) for Garner in connection with the accident. Because,

 according to American Family, it had not denied Garner’s coverage,

 but only his liability, for the accident, Peña’s UMPD coverage would

 not apply.

¶7 The district court agreed with American Family’s interpretation

 of Peña’s policy and the distinction American Family made between

 a denial of “coverage” and a denial of “liability.” But because

 American Family had only denied Garner’s liability and the issue of

 his liability had not yet been determined, the court concluded that

 Peña’s UMPD coverage “would not apply at this point” and her

 “lawsuit [was] premature.” Consequently, the court dismissed

 Peña’s case without prejudice.

 3
 II. Analysis

¶8 On appeal, Peña contends that the district court erred in

 dismissing her case. We disagree, however, based on an analysis

 somewhat different from that employed by the district court. See

 Rush Creek Sols., Inc. v. Ute Mountain Ute Tribe, 107 P.3d 402, 406

 (Colo. App. 2004) (concluding that a trial court’s ruling may be

 affirmed based on any grounds that are supported by the record);

 Chryar v. Wolf, 21 P.3d 428, 431 (Colo. App. 2000) (noting that a

 judgment that reaches the correct result will be upheld on appeal

 even if the stated reasons for a trial court’s ruling were erroneous).

 A. Do We Have Jurisdiction?

¶9 Before addressing the merits of Peña’s contention, however, we

 need to address our jurisdiction to hear this appeal. “The dismissal

 of a complaint without prejudice is generally not appealable unless

 such dismissal prohibits further proceedings, such as when the

 applicable statute of limitations would prevent the reinstitution of

 suit.” Golden Lodge No. 13, I.O.O.F. v. Easley, 916 P.2d 666, 667

 (Colo. App. 1996); see Farmers Union Mut. Ins. Co. v. Bodell, 197

 P.3d 913, 916 (Mont. 2008) (An order dismissing a complaint

 without prejudice is not an appealable order absent the existence of

 4
 special circumstances such as “the running of a statute of

 limitations, language in the order of dismissal indicating that the

 complainant will not be permitted to re-plead, or where the practical

 effect of the order of dismissal terminates the litigation in the

 complainant’s chosen forum.”).

¶ 10 It would appear, at first blush, that the district court’s order of

 dismissal here is not appealable. The district court, remember,

 dismissed the complaint because, in its view, the complaint was

 prematurely brought. Almost by definition, a complaint that was

 prematurely brought could not have been belatedly brought for

 statute of limitations purposes.

¶ 11 As explained below, however, we reject the district court’s

 determination that the case was prematurely brought. And because

 the applicable two-year limitations period measured from American

 Family’s September 17, 2015, response, has expired, Peña would

 have no avenue for relief if we were to turn aside her appeal. See

 Wardcraft Homes, Inc. v. Emp’rs Mut. Cas. Co., 70 F. Supp. 3d 1198,

 1213 (D. Colo. 2014) (applying the two year limitations period of

 section 13-80-102(1)(a), C.R.S. 2017, for actions brought under

 section 10-3-1115).

 5
 B. Was the Complaint Properly Dismissed?

¶ 12 Regarding the merits of Peña’s contention, we review de novo

 the district court’s ruling on a C.R.C.P. 12(b)(5) motion to dismiss

 for failure to state a claim upon which relief can be granted. Denver

 Post Corp. v. Ritter, 255 P.3d 1083, 1088 (Colo. 2011).

¶ 13 A complaint may be dismissed if the substantive law does not

 support the claims asserted, W. Innovations, Inc. v. Sonitrol Corp.,

 187 P.3d 1155, 1158 (Colo. App. 2008), or if the plaintiff’s factual

 allegations do not, as a matter of law, support a claim for relief,

 Ritter, 255 P.3d at 1088; cf. Warne v. Hall, 2016 CO 50, ¶ 1 (“[A]

 complaint must contain sufficient factual matter, accepted as true,

 to ‘state a claim for relief that is plausible on its face.’” (quoting

 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009))).

¶ 14 In resolving a Rule 12(b)(5) motion to dismiss, a court may

 consider only the facts alleged in the complaint, documents

 attached as exhibits or referenced in the complaint, and matters of

 which the court may take judicial notice, such as public records.

 Walker v. Van Laningham, 148 P.3d 391, 397 (Colo. App. 2006)

 (discussing judicial notice); Yadon v. Lowry, 126 P.3d 332, 336

 6
 (Colo. App. 2005) (discussing documents attached or referenced in

 the complaint).3

¶ 15 Although we view the factual allegations in the complaint as

 true and in the light most favorable to the plaintiff, Ritter, 255 P.3d

 at 1088, “we are not required to accept as true legal conclusions

 that are couched as factual allegations,” Fry v. Lee, 2013 COA 100,

 ¶ 17, and, when documents are properly before the court, their

 legal effect is determined by their contents rather than by

 allegations in the complaint, see Stauffer v. Stegeman, 165 P.3d

 713, 716 (Colo. App. 2006) (noting, also, that a court is not required

 to accept legal conclusions or factual allegations at variance with

 the express terms of those documents).

¶ 16 On appeal, Peña asserts that the district court erred in not

 considering whether American Family unreasonably delayed or

 denied her claim before dismissing her action. We are not

 persuaded.

 3 If other matters are presented to and considered by the court, the
 motion “shall be treated as [a motion] for summary judgment and
 disposed of as provided in C.R.C.P. 56[.]” C.R.C.P. 12(b). From our
 view it appears that no other matters were considered by the court.

 7
¶ 17 Peña’s complaint did not assert a claim against American

 Family in its role as Garner’s insurer; it asserted, instead, a claim

 against American Family as her insurer. So the question, in the

 first instance, was a legal one, i.e., what was American Family’s

 duty to her under the UMPD provisions of her policy.

¶ 18 Under that policy, American Family agreed to

 pay compensatory damages which [Peña is]
 legally entitled to recover from the owner or
 operator of an uninsured motor vehicle
 because of loss or damage caused by an
 accident arising out of physical contact with
 [her] insured car. The owner or operator’s
 liability for these damages must arise out of
 the ownership, maintenance, or use of the
 uninsured motor vehicle.

 Of critical importance, the policy defined an “uninsured motor

 vehicle” to mean, as pertinent here, “a land motor vehicle . . .

 insured by a . . . policy at the time of the accident but the insurer

 denies coverage. . . .” (Emphasis added.)

¶ 19 Peña argues that under the terms of her policy, she is entitled

 to pursue her claim because (1) the police report generated after the

 accident cited Garner as “100% liable” for the accident; and (2)

 despite the report, American Family denies that Garner is liable and

 is providing a defense for him in the other case. Peña’s UMPD

 8
 coverage was applicable, she asserts, because Garner’s insurer

 (American Family) was denying liability.

¶ 20 But, as other courts recognize, a denial of claim by an insurer

 for lack of coverage is very different than a denial of a claim by an

 insurer on the ground that its insured is not liable:

 The former involves a determination as to
 whether the particular claim asserted is one to
 which the policy was intended to apply,
 whereas the latter involves a determination as
 to the viability of the claim itself. “‘Coverage’
 and ‘claim’ are by no means synonymous; . . .
 an insurer against whom a claim is made will
 frequently deny such claim on issues relating
 to liability even though coverage actually is
 afforded in the event that the question of
 liability is eventually determined against it.”
 Page v. Insurance Co. of N. America, . . . 64 Cal.
 Rptr. 89, [84] ([Cal. Ct. App.] 1967) (construing
 “uninsured motor vehicle” under California
 statute). This, however, does not render the
 insured uninsured as to that claim. The
 aggrieved party may still file suit against the
 alleged tortfeasor and, if successful, recover
 from that person’s insurer, so long as the
 claim is within the scope of the policy. See
 generally 8C Appleman & Appleman,
 Insurance Law & Practice § 5076.15, at 151
 (1981) (“A denial of [a] plaintiff’s claim is not,
 of course, necessarily a denial of coverage[.]”).

 Noel v. Metro. Prop. & Liab. Ins. Co., 672 N.E.2d 119, 121 (Mass.

 App. Ct. 1996); accord Estate of Anderson v. Safeco Ins. Co. of Ill.,

 9
567 F.3d 404, 407 (8th Cir. 2009) (“[I]t would be ‘unreasonable in

the context of uninsured motorist insurance to define ‘coverage’ to

include a denial by the liability insurer of the insured’s fault in the

accident.’ To allow for such a definition would conflate ‘coverage’

with ‘liability’ when the two are not synonymous. . . . Several

courts have noted this distinction in pointing out that ‘coverage’

relates to whether the policy was intended to apply to a particular

claim, whereas ‘liability’ addresses the viability of the claim on the

facts.”) (citations omitted); Page, 64 Cal. Rptr. at 93-94 (“[I]t is

practically a matter of common knowledge that an insurer against

whom a claim is made will frequently deny such claim on issues

relating to liability even though coverage actually is afforded in the

event that the question of liability is eventually determined against

it.”); Clark v. Prudential Prop. & Cas. Ins. Co., 66 P.3d 242, 245

(Idaho 2003) (stating “[c]overage relates to whether [the insured] has

insurance to cover the accident, and liability relates to whether [the

insured] was at fault, thus triggering the insurer’s obligation to

pay”).

 10
¶ 21 Because Garner’s insurer (i.e., American Family) denied

 liability but not coverage for the accident, the UMPD coverage of

 Peña’s policy with American Family was inapplicable. See, e.g.,

 Clark, 66 P.3d at 245 (denying uninsured motorist coverage when

 the insurer did not deny coverage but denied liability).4 And

 because there was no applicable UMPD coverage here for Peña,

 there were no benefits which could have unreasonably been delayed

 or denied under section 10-3-1115. Simply put, Peña had no claim,

 as a matter of law.

¶ 22 The district court did not reach this conclusion, determining

 instead that Peña’s lawsuit was premature because Garner’s

 liability had not yet been established. This determination was in

 error: Peña will never have a claim against American Family under

 her policy for unpaid UMPD benefits in connection with this

 accident. The reason? Garner’s insurer (American Family) has not

 denied coverage, the circumstance which would trigger the

 4 In her reply brief, Peña argued that we should not interpret her
 policy this way because (1) the term “coverage” is ambiguous and
 ambiguities in a policy are construed against the insurer; and (2)
 the interpretation urged by American Family would violate public
 policy. We do not, however, consider arguments raised for the first
 time in a reply brief. See Meadow Homes Dev. Corp. v. Bowens, 211
 P.3d 743, 748 (Colo. App. 2009).

 11
 applicability of Peña’s UMPD coverage. If Garner is ultimately

 found liable, Peña will have a claim against American Family under

 the liability provisions of his policy, not under the UMPD provisions

 of hers. And if he is not, she has no claim at all.

 III. Conclusion

¶ 23 The judgment is affirmed.

 JUDGE NAVARRO and JUDGE MÁRQUEZ concur.

 12