20CA1734 Phan v American Family 11-24-2021 COLORADO COURT OF APPEALS Court of Appeals No. 20CA1734 Arapahoe County District Court No. 19CV280 Honorable John L. Wheeler, Judge Kent Vu Phan, Plaintiff-Appellant, v. American Family Insurance Company, Defendant-Appellee. JUDGMENT AFFIRMED Division I Opinion by JUDGE KUHN Dailey and Dunn, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced November 24, 2021 Kent Vu Phan, Pro Se Nina Hammon Jahn, Madison, Wisconsin, for Defendant-Appellee 
1 ¶ 1 Plaintiff, Kent Vu Phan, appeals the district court’s judgment dismissing his claims against defendant, American Family Insurance Company (American Family). We affirm. I. Background ¶ 2 In 2012, Phan was involved in a car accident with a driver who was insured by American Family. Alleging that he was injured in the accident, Phan filed an insurance claim with American Family. Three years later, American Family closed Phan’s claim. ¶ 3 Since then, Phan has filed multiple pro se state and federal actions seeking damages from American Family based on the 2012 accident and American Family’s handling of his claim. ¶ 4 Phan first sued American Family in state court in 2015. In that complaint (which did not assert specific claims or legal theories for relief), Phan asked the district court to order American Family to “re-open [his] claim” until he completely recovered from his injuries. Finding that Phan’s action was time barred because it was filed outside of the three-year statute of limitations applicable to tort actions for bodily injuries arising from motor vehicle accidents, the court dismissed the complaint. See § 13-80-101(1)(n)(I), C.R.S. 
2 2021. Phan attempted to appeal to this court and the supreme court, but his appeals were dismissed as untimely. ¶ 5 After his state appeals were dismissed, Phan sued American Family in federal court. In his federal complaint, he alleged that American Family had acted in bad faith and had violated the Americans with Disabilities Act of 1990 (ADA), see 42 U.S.C. §§ 12101-12213. ¶ 6 Finding that the “ADA [did] not apply to [his] allegations,” the federal district court dismissed Phan’s complaint for lack of subject matter jurisdiction based on the Rooker-Feldman doctrine, which precludes federal courts from exercising jurisdiction over cases brought by “state-court losers” challenging state court judgments rendered before the federal district court proceedings commenced. Phan v. Am. Fam. Ins. Co., Civ. A. No. 17-CV-00196-GPG, 2017 WL 5172250, at *2-3 (D. Colo. May 1, 2017) (unpublished opinion); see Lance v. Dennis, 546 U.S. 459, 460 (2006). The Tenth Circuit affirmed the federal district court’s dismissal. Phan v. Am. Fam. Ins. Co., 705 F. App’x 766, 768 (10th Cir. 2017). ¶ 7 In 2018, following his unsuccessful foray into federal court, Phan sued American Family a second time in state court. In that 
3 complaint, Phan raised numerous common law claims, state statutory claims, and federal statutory claims. The district court granted American Family’s C.R.C.P. 12(b)(5) motion and dismissed Phan’s complaint. ¶ 8 A division of our court affirmed. Phan v. Am. Fam. Ins. Co., (Colo. App. No. 18CA0975, Apr. 4, 2019) (not published pursuant to C.A.R. 35(e)). Phan’s supreme court appeal was dismissed when he failed to file a petition for certiorari after unsuccessfully moving for a filing extension. ¶ 9 Phan later filed or attempted to file a petition for certiorari in the United States Supreme Court. The status of that appeal is not entirely clear. While American Family, without citation, states in its answer brief that the appeal is still pending, nothing else in the record sheds light on the current status of that appeal. ¶ 10 The case at issue here arose when Phan sued American Family a third time in state court in 2019. That complaint, which relied on the same facts and injuries Phan alleged in his prior actions against 
4 American Family, was largely comprised of the same undeveloped claims that the district court dismissed in the 2018 action.
1 ¶ 11 Construed broadly, Phan’s complaint and other pleadings asserted the following claims: (1) statutory bad faith; (2) common law bad faith; (3) violation of section 10-4-1009, C.R.S. 2021; (4) violation of section 10-3-1104, C.R.S. 2021; (5) violation of the ADA; (6) violation of the Protection and Advocacy for Individuals with Mental Illness Act (PAIMI); (7) violation of his civil rights under 42 U.S.C. §§ 1981, 1983, 1985, and 1986; (8) violation of the Equality Act of 2010; and (9) violation of 18 U.S.C. § 2255. ¶ 12 While Phan’s third state action was pending, the district court, in response to American Family’s “Motion to Enjoin Kent Vu Phan From Filing Additional Pro Se Actions Without Prior Judicial Approval” (motion to enjoin), ordered Phan to file an affidavit regarding the criteria set forth in Karr v. Williams, 50 P.3d 910 1 Because the record is unclear whether Phan’s Supreme Court appeal is still pending, we do not rely on the doctrine of claim preclusion to resolve this appeal. See Barnett v. Elite Props. of Am., Inc., 252 P.3d 14, 22 (Colo. App. 2010) (“[A] judgment is not final for purposes of issue preclusion until certiorari has been resolved both in the Colorado Supreme Court and the United States Supreme Court.”). 
5 (Colo. 2002). In doing so, the court adopted and incorporated an order issued by another trial court in the same jurisdiction in a different case filed by Phan. ¶ 13 Subsequently, the district court — relying substantially on its order dismissing Phan’s 2018 complaint — granted American Family’s C.R.C.P. 12(b)(5) motion and dismissed Phan’s claims. Additionally, the district court refused to reconsider its ruling on American Family’s motion to enjoin Phan from filing additional pro se actions without judicial approval. ¶ 14 Phan appeals the district court’s order. II. Analysis ¶ 15 While Phan’s briefs do not comply with C.A.R. 28 and are difficult to decipher, we recognize that, as a pro se litigant whose first language is not English, he might not articulate his arguments like a lawyer. See People v. Cali, 2020 CO 20, ¶ 34. To ensure that he is not denied review of important issues, we construe his pleadings broadly to effectuate their substance rather than their form. See id. We will not, however, rewrite his pleadings, act as an advocate on his behalf, or consider issues he did not raise in the district court. See id. 
6 ¶ 16 Phan’s specific objections to the district court’s orders are not entirely apparent. Broadly, he appears to contend that the district court erred in two ways: (1) by granting American Family’s C.R.C.P. 12(b)(5) motion to dismiss and (2) in its ruling on the motion to enjoin. ¶ 17 We first address the district court’s rulings on the individual claims Phan raised in his complaint. Then, we turn to the order on the motion to enjoin. A. Standard of Review and Legal Standards ¶ 18 “We review a C.R.C.P. 12(b)(5) motion to dismiss de novo and apply the same standards as the trial court.” Norton v. Rocky Mountain Planned Parenthood, Inc., 2018 CO 3, ¶ 7. ¶ 19 A C.R.C.P. 12(b)(5) motion to dismiss for failure to state a claim tests the formal sufficiency of a complaint and allows the trial court to weed out meritless claims. See Credit Serv. Co. v. Skivington, 2020 COA 60M, ¶ 11. Dismissal under C.R.C.P. 12(b)(5) is appropriate “if the substantive law does not support the claims asserted, or if the plaintiff’s factual allegations do not, as a matter of law, support a claim for relief.” Peña v. Am. Fam. Mut. Ins. Co., 2018 COA 56, ¶ 13 (citations omitted). 
7 ¶ 20 To survive a C.R.C.P. 12(b)(5) motion to dismiss, a complaint must contain factual allegations sufficient to raise a right to relief “above the speculative level.” Warne v. Hall, 2016 CO 50, ¶ 9 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). “[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.” Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). ¶ 21 In evaluating a C.R.C.P. 12(b)(5) motion, we must accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. Bewley v. Semler, 2018 CO 79, ¶ 14. However, we are not required to accept as true bare legal conclusions or conclusory statements that simply recite the elements of a claim. See Norton, ¶ 7; Scott v. Scott, 2018 COA 25, ¶19. In our analysis, we may consider any documents that are attached to the complaint as exhibits or incorporated by reference. Nieto v. Clark’s Mkt., Inc., 2021 CO 48, ¶ 11. ¶ 22 Additionally, we may affirm an order granting a C.R.C.P. 12(b)(5) motion on any grounds supported by the record, even if the district court did not rely on those grounds. See Taylor v. Taylor, 2016 COA 100, ¶ 31. 
8 ¶ 23 A district court may enjoin a pro se litigant from accessing the court if that litigant has abused the judicial process through repetitive, baseless litigation. Karr, 50 P.3d at 913-14. We review a district court’s issuance of such an injunction for abuse of discretion. Bd. of Cnty. Comm’rs v. Winslow, 706 P.2d 792, 795 (Colo. 1985). A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair. People v. Hall, 2021 CO 71M, ¶ 17. B. Statute of Limitations ¶ 24 As a threshold matter, we briefly address Phan’s contention that, under section 13-81-103, C.R.S. 2021, the applicable statute of limitations should be tolled because he is disabled. See Southard v. Miles, 714 P.2d 891, 897 (Colo. 1986) (Where a plaintiff is a person under disability as defined by section 13-81-101(3), C.R.S. 2021, “[t]he provisions of section 13-81-103 . . . operate to suspend the running of the applicable statute of limitations until either the disability is removed or, as expressly provided in subsection (1)(a), a ‘legal representative’ is appointed for the ‘person under disability.’”). 
9 ¶ 25 We do not need to resolve this issue because, regardless of whether the statute of limitations should be tolled, Phan’s claims fail as a matter of law. C. Statutory Bad Faith ¶ 26 Phan challenges the district court’s dismissal of his statutory bad faith claim. We conclude that the district court properly dismissed the claim. ¶ 27 Sections 10-3-1115 and 10-3-1116, C.R.S. 2021, permit a “first-party claimant” to assert a claim against an insurance company for unreasonably delaying or denying a claim for benefits “owed to or on behalf of any first-party claimant.” § 10-3-1115(1)(a); see § 10-3-1116(1). A “first-party claimant” is “an individual . . . or other legal entity asserting an entitlement to benefits owed directly to or on behalf of an insured under an insurance policy.” § 10-3-1115(1)(b)(I). ¶ 28 Phan is not a first-party claimant. He presents no factual allegations that he is directly or indirectly entitled to benefits from American Family. He was not insured by American Family, and his only basis for seeking relief from American Family is that it insured the other driver. But section 10-3-1115(1)(b)(II)(B) explicitly 
10 excludes someone in Phan’s position — a party who is “asserting a claim against an insured under a liability policy” — from the definition of first-party claimant. ¶ 29 In short, the remedies provided by sections 10-3-1115 and 10-3-1116 are limited to first-party claimants and are not available to third-party claimants like Phan. See Gustafson v. Am. Fam. Mut. Ins. Co., 901 F. Supp. 2d 1289, 1305 (D. Colo. 2012). Therefore, his claim fails because it is not supported by the substantive law. See Peña, ¶ 13. D. Common Law Bad Faith ¶ 30 Phan next challenges the district court’s dismissal of his common law bad faith claim. We conclude that the district court properly dismissed the claim. ¶ 31 An insurer has a duty to deal in good faith with its insured. Kisselman v. Am. Fam. Mut. Ins. Co., 292 P.3d 964, 970 (Colo. App. 2011). That duty “is implied in law as a covenant of the insurance contract,” and the basis for liability for a common law bad faith claim “is grounded upon the special nature of the insurance contract and the relationship which exists between the insured and 
11 insurer.” Schnacker v. State Farm Mut. Auto. Ins. Co., 843 P.2d 102, 104 (Colo. App. 1992). ¶ 32 However, “the insurer’s duty of good faith and fair dealing extends only to its insured, not [a] third party.” Nunn v. Mid-
Century Ins. Co., 244 P.3d 116, 119 (Colo. 2010). While a third-
party claimant may assert a common law bad faith claim against an insurer for its handling of a claim brought by the third party against its insured, the third-party claimant can only do so where the insured has formally assigned its bad faith claims to the third party. Id. Because Phan does not allege that those circumstances exist here, his claim fails. See Peña, ¶ 13. ¶ 33 Additionally, Colorado law does not permit a third party to bring a direct action against an alleged tortfeasor’s insurance company. Synan v. Haya, 15 P.3d 1117, 1119 (Colo. App. 2000). Therefore, Phan’s claim is not supported by the substantive law. See Peña, ¶ 13. E. Section 10-4-1009 ¶ 34 Phan contends that the district court erred by dismissing his claim that American Family violated section 10-4-1009. We disagree. 
12 ¶ 35 Section 10-4-1009 is part of the Fraudulent Claims and Arson Information Reporting Act, a statutory framework that requires an insurer to notify certain authorities when it believes a claim may be fraudulent or that the cause of a fire was arson, regulates the sharing and disclosure of such information by agencies and insurers, and provides insurers immunity from civil penalties arising from providing such information to authorities. See §§ 10-4-
1001 to -1009, C.R.S. 2021. ¶ 36 Section 10-4-1009 states, in its entirety, that “[t]he provisions of this part 10 shall not be construed to affect or supersede the duties of insurers and other persons pursuant to the provisions of part 11 of article 3 of this title.” This language does not create a cause of action for Phan to assert against American Family. ¶ 37 Additionally, even assuming that section 10-4-1009 creates a private cause of action, Phan points to no factual allegations in his complaint that would support his claim. See Warne, ¶ 27. F. Unfair Claim Settlement Practices ¶ 38 Phan contends that the district court erred by dismissing his section 10-3-1104(1)(h) unfair settlement practices claim. Specifically, he asserts that American Family failed to adopt and 
13 implement reasonable standards for the prompt investigation of a claim arising under its insurance policies; refused to pay his claim without conducting a reasonable investigation based upon all available information; and did not attempt in good faith to effectuate prompt, fair, and equitable settlement of his claim even though liability was reasonably clear. See § 10-3-1104(1)(h)(III)-(V). ¶ 39 Phan’s claim fails for two reasons. First, the statute cannot support his claim as a matter of law because it “provides for state regulation of insurance companies and does not create a private cause of action.” Schnacker, 843 P.2d at 104. ¶ 40 Second, even assuming the statute did permit Phan’s private cause of action, Phan does not present any factual allegations to support his claim. See Warne, ¶ 27. Instead, his claim is comprised of bare conclusory statements that simply recite the elements of the claim. See Norton, ¶ 7. G. Americans with Disabilities Act ¶ 41 Phan contends that the district court erred by dismissing his ADA claim. He asserts that his “impairment and intellectual disabilities have been exploited by state judges, federal judges . . . 
14 and American Family.” Like the district court, we conclude that Phan’s ADA claim fails. ¶ 42 The ADA “forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III.” Tennessee v. Lane, 541 U.S. 509, 516-17 (2004); see 42 U.S.C. §§ 12112, 12132, 12182. None of these titles is applicable to Phan’s claim. ¶ 43 Title I is not applicable because Phan does not allege he suffered employment discrimination by American Family. See Dep’t of Hum. Servs. v. State Pers. Bd., 2016 COA 37, ¶ 17 (“To succeed on an ADA claim, a plaintiff must show: (1) she is disabled, as defined by the ADA; (2) she is a ‘qualified’ individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires; and (3) she suffered discrimination on the basis of her disability.”). ¶ 44 Title II is also inapplicable. That provision prohibits public entities — including state and local governments, as well as their 
15 agencies and instrumentalities — from discriminating against “qualified” persons with disabilities in the provision or operation of public services, programs, or activities, see Lane, 541 U.S. at 517. But Phan does not allege that American Family is a public entity. ¶ 45 Title III does not apply because Phan is seeking monetary damages, not injunctive relief. See Powell v. Nat’l Bd. of Med. Exam’rs, 364 F.3d 79, 86 (2d Cir. 2004) (“A private individual may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages.”). H. Protection and Advocacy for Individuals with Mental Illness Act ¶ 46 Phan contends that the district court erroneously dismissed his claim under PAIMI. We disagree. ¶ 47 PAIMI creates a framework that empowers certain entities to investigate abuse of individuals with mental illness and seek civil remedies on their behalf. See 42 U.S.C. §§ 10801, 10805. It does not, however, create a private cause of action. See 42 U.S.C. § 10851(a) (“Subchapters I and II shall not be construed as establishing any new rights for individuals with mental illness.”). Therefore, because Phan is a private citizen, he cannot seek 
16 monetary damages against American Family under PAIMI. The district court properly dismissed his claim because it is not supported by the substantive law. See Peña, ¶ 13. I. Civil Rights Claims ¶ 48 Contending that he has suffered racial discrimination, Phan alleges that the court erred in dismissing the civil rights claims he raised under 42 U.S.C. §§ 1981, 1983, 1985, and 1986. We disagree. ¶ 49 To state a claim under 42 U.S.C. § 1981, Phan needed to allege facts supporting a plausible inference that (1) he was a member of a protected class; (2) American Family intended to discriminate against him on the basis of race; and (3) the discrimination had interfered with a protected activity. See Phan v. Hipple, 735 F. App’x 492, 494 (10th Cir. 2018); Hampton v. Dillard Dep’t Stores, Inc., 247 F.3d 1091, 1101-02 (10th Cir. 2001). Phan’s claim fails because, aside from bare legal conclusions and unsupported cites to federal statutes, he does not point to any factual allegations — either in his complaint or his appellate briefing — that support a prima facie case of racial discrimination under § 1981. See Norton, ¶ 12. 
17 ¶ 50 To establish a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant, acting under the color of state law, deprived him of a right, privilege, or immunity guaranteed by the Federal Constitution and laws. Beaver Creek Prop. Owners Ass’n v. Bachelor Gulch Metro. Dist., 271 P.3d 578, 586 (Colo. App. 2011); see West v. Atkins, 487 U.S. 42, 48 (1988). Because Phan does not allege that American Family was a state actor or acting under the color of state law, his § 1983 claim fails. ¶ 51 Phan does not state which subsection of § 1985 his claim falls under. Based on the substance of his pleadings, it appears he sought relief under subsection (3).
2 ¶ 52 To establish a claim under § 1985(3), Phan needed to present sufficient allegations of “(1) a conspiracy; (2) to deprive [him] of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom.” Vazirabadi v. Denver Health & Hosp. Auth., 2 Subsection (1) addresses conspiracies to prevent a person from holding office or discharging official duties. Subsection (2) addresses conspiracies to obstruct justice or intimidate parties, witnesses, or jurors in legal proceedings. 42 U.S.C. § 1985(1), (2). Neither is applicable here. 
18 782 F. App’x 681, 689 (10th Cir. 2019) (quoting Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993)). Phan does not allege that American Family engaged in a conspiracy and does not identify which right he was supposedly deprived of. Therefore, his § 1985 claim fails. ¶ 53 Because Phan does not have a valid § 1985 claim, his § 1986 claim also fails. See Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230 (10th Cir. 1990) (“Section 1986, which provides an action for neglecting to prevent a violation of Section 1985, is premised upon the existence of a valid Section 1985 claim.”). J. Equality Act ¶ 54 Phan asserts that the court erred by dismissing his claim for relief under the Equality Act of 2010. We disagree. ¶ 55 The Equality Act of 2010 is a British law. Thus, it cannot support Phan’s claims for relief. Construing his pleadings broadly, see Cali, ¶ 34, we believe Phan may have attempted to seek relief under a similarly titled measure that has been introduced in the United States House of Representatives. See Equality Act, H.R. 5, 116th Cong. (2019). That measure, which has not been passed by 
19 the Senate or signed by the President, is not law. Therefore, it provides Phan no basis for relief. K. 18 U.S.C. § 2255 ¶ 56 We conclude that the district court properly dismissed Phan’s claim that American Family violated 18 U.S.C. § 2255. ¶ 57 That statute allows “[a]ny person who, while a minor, was a victim” of a delineated set of sex crimes “and who suffers personal injury as a result . . . regardless of whether the injury occurred while such person was a minor” to sue and recover damages of no less than $150,000. Doe v. Boland, 698 F.3d 877, 880 (6th Cir. 2012) (quoting 18 U.S.C. § 2255(a)). ¶ 58 Phan raises no factual allegations that he was victimized under any of the delineated crimes as a minor. Therefore, the court properly dismissed his claim. L. Remaining State Law Claims ¶ 59 Phan appears to contend that the court erred by dismissing claims he asserted under sections 13-21-102, 13-21-102.5, 13-64-202, and 13-64-302, C.R.S. 2021. Phan did not aver claims under sections 13-64-202 and 13-64-302 in his complaint and the district court did not address those provisions in its order. See 
20 Melat, Pressman & Higbie, L.L.P. v. Hannon L. Firm, L.L.C., 2012 CO 61, ¶ 18 (“It is axiomatic that issues not raised in or decided by a lower court will not be addressed for the first time on appeal.”). Regardless of whether those claims were preserved, none of the four statutes creates a private cause of action and therefore cannot form the basis of a suit. See, e.g., City of Arvada ex rel. Arvada Police Dep’t v. Denver Health & Hosp. Auth., 2017 CO 97, ¶¶ 19-22 (noting that a plaintiff may only seek redress in Colorado courts if they “have suffered (1) an injury-in-fact to (2) a legally protected interest”). M. Motion to Enjoin ¶ 60 Lastly, Phan appears to challenge the district court’s ruling on the motion to enjoin. As noted in Part I, the district court adopted an order that was issued by another court in the same jurisdiction in a different action filed by Phan. ¶ 61 Recently, a division of our court concluded that the trial court in that other case did not abuse its discretion when it enjoined Phan from filing pro se lawsuits without complying with Karr. See Phan v. State Farm Mut. Ins. Co., slip op. at 14 (Colo. App. 
21 20CA0939, Oct. 28, 2021) (not published pursuant to C.A.R. 35(e)). We adopt the reasoning of that division and do the same. ¶ 62 Given that Phan continues to file baseless litigation involving the same claims, the district court did not err in requiring him to file a Karr affidavit in this case. III. Conclusion ¶ 63 The judgment is affirmed. JUDGE DAILEY and JUDGE DUNN concur.