24CA1367 Cathcart v CDOC 12-04-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1367
Fremont County District Court No. 23CV83
Honorable Lynette M. Wenner, Judge

---

Eric Cathcart,

Plaintiff-Appellant,

v.

Executive Director of the Colorado Department of Corrections,

Defendant-Appellee.

---

JUDGMENT AFFIRMED

Division II
Opinion by JUDGE LUM
Fox and Martinez*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 4, 2025

---

Holland & Hart LLP, Kristina (Tina) R. Van Bockern, Stevenson A. Lubin, Denver, Colorado, for Plaintiff-Appellant

Philip J. Weiser, Attorney General, Katherine Fredericks, Assistant Attorney General, Denver, Colorado, for Defendant-Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    Plaintiff, Eric Cathcart, appeals the district court's ruling denying his petition for mandamus relief under C.R.C.P. 106(a)(2). We affirm.

## I.    Background

¶ 2    Cathcart is incarcerated in the custody of the Colorado Department of Corrections (CDOC).  In recent years, the CDOC has censored numerous publications[1] mailed to him.  Cathcart appealed these censorship decisions to the Director of Prisons (the director) pursuant to the CDOC administrative regulation on publications (the regulation).  DOC Admin. Reg. 300-26.  But, according to Cathcart, the director has allowed seven of his appeals to remain undecided for as long as two years.

¶ 3    Cathcart filed a Rule 106(a)(2) petition to compel the director to decide the outstanding appeals.  The CDOC moved to dismiss the petition under C.R.C.P. 12(b)(5), and a magistrate granted the motion.  The magistrate reasoned, as relevant here, that the director had no clear ministerial duty to review the appeals within a

---

[1] In this context, publication means "[a]ny information or material . . . created by any individual, organization, company or corporation which is distributed or made available through any means or media."  DOC Admin. Reg. 300-26(III)(F).

1

certain timeframe and that Cathcart hadn't exhausted all available remedies before he filed the Rule 106(a)(2) petition. (The magistrate also concluded that "[t]his action became moot because of subsequent occurrences.").

¶ 4 Cathcart then petitioned for review, and the district court adopted the magistrate's ruling.

¶ 5 Cathcart now appeals. He contends that the director has a clear ministerial duty to immediately process the undecided appeals and that there is no other adequate legal remedy available.

## II. Standard of Review and Legal Principles

### A. Rule 12(b)(5)

¶ 6 "Our review of a district court's order adopting a magistrate's decision is effectively a second layer of appellate review" in which we sit in the same position and apply the same standards as the district court. *In re Marriage of Thorburn*, 2022 COA 80, ¶ 25.

¶ 7 We review de novo a magistrate's judgment dismissing a complaint under C.R.C.P. 12(b)(5). *See Hess v. Hobart*, 2020 COA 139M2, ¶ 11. We treat the factual allegations in the complaint as true and view them in the light most favorable to Cathcart. *See Peña v. Am. Fam. Mut. Ins. Co.*, 2018 COA 56, ¶ 15. Although

2

motions to dismiss are viewed with disfavor, *see Denv. Post Corp. v. Ritter*, 255 P.3d 1083, 1088 (Colo. 2011), "[a] complaint may be dismissed if the substantive law does not support the claims asserted" or "if the plaintiff's factual allegations do not, as a matter of law, support a claim for relief," *Peña*, ¶ 13.

### B. Rule 106(a)(2)

¶ 8 Mandamus sought under Rule 106(a)(2) "is an extraordinary remedy that requires public officials to perform plain legal duties they owe by virtue of their offices." *Owens v. Carlson*, 2022 CO 33, ¶ 21; *see* C.R.C.P. 106(a)(2). "It is appropriate only if (1) the plaintiff has a clear right to the relief sought; (2) the defendant has a clear duty to perform the act requested; and (3) no other remedy is available." *Gandy v. Williams*, 2019 COA 118, ¶ 24.

### C. CDOC Mail Appeals Process

¶ 9 The appeals at issue here concern groups of commercially produced photos and catalogs that Cathcart sought to have mailed to him. We will refer to each mailing generally as a "publication." See DOC Admin. Reg. 300-26(III)(F). Censorship of publications by the CDOC moves through three administrative levels before reaching the director. First, the CDOC mailroom decides whether

to censor incoming publications for containing prohibited topics (such as sexually explicit content). DOC Admin. Reg. 300-26(IV)(B)(3)(d). Within forty-eight hours of receiving the publication, the mailroom must notify the affected offender of the initial censorship. DOC Admin. Reg. 300-26(IV)(B)(5)(b). The offender may then submit an appeal of the censorship decision within twenty-one days. DOC Admin. Reg. 300-26(IV)(B)(5)(b)(1).

¶ 10　Second, the censored publication is forwarded to the facility publication committee for review. DOC Admin. Reg. 300-26(IV)(B)(3). Every two weeks, the publication committee reviews the publications and any related appeal statements, and it makes a recommendation to the facility administrative head. DOC Admin. Reg. 300-26(IV)(C)(1), (3), (6).

¶ 11　Third, the administrative head determines whether to permit or censor a publication. DOC Admin. Reg. 300-26(IV)(C)(7)(c). This decision must be made within fourteen days of receiving the committee's recommendation. DOC Admin. Reg. 300-26(IV)(C)(7)(a). Review by the director after the administrative head's determination is generally discretionary. However, an appeal to the director must be allowed if the publication committee's decision is not unanimous

and in other enumerated circumstances. DOC Admin. Reg. 300-26(IV)(C)(7)(d).

### III. No Clear Duty

¶ 12 Cathcart's complaint lacks detail about the particular mail appeals for which he seeks relief, and it doesn't describe the nature of any of the underlying decisions. His response to the CDOC's motion to dismiss clarified that he seeks relief for seven mail appeals (CDOC appeal nos. 101944, 103130, 103988, 102207, 110947, 112470, and 114364). In the record and through requests for supplemental briefing, we received the underlying decisions for the first five of these appeals. We address these first.

¶ 13 Each of the publications consists of a group of photos. The CDOC produced the publication committee's notes (committee review notes) and the committee's decision, which was approved by the administrative head (censorship decision).

¶ 14 For each publication, the committee review notes reflect that the committee members agreed to censor each publication "in part" but didn't necessarily agree about the number of photos to censor. However, the censorship decision for each publication reflects a decision to censor a particular number of photos. It's unclear

whether (1) the committee review notes reflect preliminary disagreement that was eventually resolved to form a unanimous censorship decision or (2) the review notes are part and parcel of the final decision and reflect a non-unanimous censorship decision.[2]  In summary, we can't discern whether the decision is unanimous or not.  And therefore, we cannot say that the director has a "clear duty" to decide those appeals.

¶ 15     The record contains the publication committee's review notes for the last two appeals.  Those notes also reflect that each publication consists of a group of photos, and they indicate disagreement about the number of photos in each publication that should be censored.  However, the publication committee's censorship decisions aren't in the record, we did not receive them in supplemental briefing, and Cathcart makes no allegations about the nature of the decisions in his complaint.  For these reasons, we can't discern if the publication committee's decisions in these two appeals are unanimous, either.  Nor can we discern whether the

[2] The parties presented arguments about unanimity in supplemental briefing regarding mootness.  Those arguments also apply to the merits of whether the director has a clear duty to decide the appeals.

decisions fall into another category that entitles Cathcart to directorial review. Thus, we cannot say that the director has a clear duty to decide the appeals.[3]

## IV. Other Remedies

¶ 16 Because we have affirmed the district court's judgment based on the lack of a clear duty for the director to decide the appeals at all, we need not address Cathcart's arguments that (1) the director must decide mail appeals "immediately"; (2) the State Administrative Procedure Act (APA), §§ 24-4-101 to -204, C.R.S. 2025, imposes a requirement that the director decide mail appeals within a reasonable time; and (3) the court erred by concluding that 42 U.S.C. § 1983 is available to him as an alternate remedy. *See Gandy*, ¶ 24.[4]

---

[3] This analysis would also apply to the first five appeals if we had not received the underlying censorship decisions in response to requests for supplemental briefing. The record contains the committee review notes for four of the first five appeals but doesn't contain the censorship decisions for any of them. And Cathcart's complaint contains no allegations about the nature of any of the censorship decisions or why the decisions fall in a category that requires the director to hear his appeal.

[4] We requested supplemental briefing on the issue of whether the APA applies to the prison mail appeals process. Though we did not reach that issue in this opinion, we appreciate and thank both counsel for their helpful arguments.

## V. C.R.C.P. 106(a)(4)

¶ 17    We decline to construe Cathcart's petition as one for relief under C.R.C.P. 106(a)(4), as he requests in his supplemental briefing. The relief Cathcart requested below is firmly in the nature of mandamus. We recognize that Cathcart represented himself during the magistrate and district court proceedings and at the start of these appellate proceedings. But while we broadly construe Cathcart's pleadings to effectuate their substance rather than their form, we cannot rewrite his complaint. *People v. Cali*, 2020 CO 20, ¶ 34.

## VI. Disposition

¶ 18    We affirm the judgment of the district court.

JUDGE FOX and JUSTICE MARTINEZ concur.